## DALRYMPLE *vs.* HANSON.

The doctrine of *Ringgold* v. *Haven & Livingston,* (*ante, p.* 108,) that it is the duty of the court in a proper case to nonsuit the plaintiff, affirmed.

Where there is no evidence to make out a cause of action, the court should nonsuit the plaintiff.

APPEAL from the court of First Instance of the district of San Francisco. The facts of the case will be found in the opinion of the court.

——————, for plaintiff.

*John Currey,* for defendant.

*By the Court,* BENNETT, J. Appeal from court of First Instance for the district of San Francisco. The complaint alleges that the defendant made a contract with the plaintiff to transport the materials for a house, together with certain boxes of merchandise, consisting of hardware, from Baltimore to San Francisco, on the defendant's ship called the *Jane Parker*—that the house and merchandise, instead of being put on board the *Jane Parker*, were shipped on another vessel belonging to the defendant, called the bark *Hebe*—that the *Jane Parker* arrived at San Franscisco two months before the *Hebe*—and that the plaintiff had sustained damage to the amount of twenty-five thousand dollars, by reason of the house and merchandise being of less value at the time of the arrival of the *Hebe*, than they would have been at the time of the arrival of the *Jane Parker*.

The defendant, in his answer, denies that he undertook to carry the property in question on the *Jane Parker*, but alleges that it was understood and agreed that it should be shipped on the *Hebe*. He also alleges that the property was of greater value at the time of the arrival of the *Hebe*, than such property was worth at the time of the arrival of the *Jane Parker*.

The case was tried before a jury. Three witnesses were sworn on the part of the plaintiff. One of them, William H. Stump, testified as follows :—" That he knew the parties, and that some-" time before the sailing of the ship *Jane Parker* from Balti-" more to San Francisco, the defendant told witness that he was " going to take a house for plaintiff from Baltimore to San " Francisco—that plaintiff was not then present on the *Jane* " *Parker*—that sometime after, witness saw the materials of a " house on the wharf of the *Jane Parker*, marked with the " initial letters of the plaintiff's name—that, at that time, the " bark *Hebe* was lying at the wharf, about one hundred feet " from the *Jane Parker*—that all he knew about the contract " to take the house on the *Jane Parker*, was what the defend-" ant said to him as before stated—that at the time defendant " told the witness that he was going to take the house as men-" tioned, witness knew nothing about the defendant's having " the *Hebe*."

Samuel Stump, on the part of the plaintiff, testified " That he " saw a house, some five or six days before the *Jane Parker* " sailed, marked with the initials of the plaintiff's name, lying " upon the wharf at Baltimore—that the bark *Hebe* was then " lying about one hundred feet from the *Jane Parker*—that " the only way he knew the house was plaintiff's was by the " initial letters."

One Latimer, on the part of the plaintiff, testified " That " there was but little difference between the price of hardware, " at the time of the arrival of the *Jane Parker*, and the *Hebe's* " arrival—that hardware at those dates was dull, and but few " sales were made."

The above is all the evidence which the return shows was given, and upon this the plaintiff rested his case. The counsel for the defendant moved for a nonsuit, on the ground that the plaintiff had not proved a sufficient case to go to the jury. The court denied the motion, on the ground that the court could grant a nonsuit in no case whatever.

The defendant, then, in addition to other matters, gave in evidence two bills of lading, by which the articles in question

Dalrymple *v.* Hanson.

were shipped at Baltimore, on the bark *Hebe*, and on each of which was endorsed a receipt of the contents by the defendant at San Francisco. There was no claim that the goods were not delivered in good condition.

The jury found a verdict for the plaintiff for the sum of $1900. The defendant moved the court below for a new trial, and the court ordered the verdict to be set aside and a new trial granted, unless the plaintiff would consent to a reduction of sixteen hundred dollars from the verdict. The plaintiff consented to this reduction, and the court rendered judgment for $300 and costs. From this judgment the defendant appeals.

We have held, at this term of the court, in *Ringgold* v. *Livingston*, that if the plaintiff's evidence be insufficient in law to authorize a jury to find a verdict for the plaintiff, or if the court would set aside the verdict, if so found, as contrary to evidence, it is the duty of the court to nonsuit the plaintiff. That rule applies to this case. There is no pretence of any evidence, that the defendant undertook to carry any of the property in question on the *Jane Parker*, except the *house*, and all the evidence in relation to the *house* is the declaration of the defendant, " That he was going to take a house for plaintiff from Baltimore " to San Francisco," and that, sometime after this declaration was made, the materials of a house, marked with the plaintiff's initials, were seen on a wharf at which the *Jane Parker* and the *Hebe* were both lying. We do not see how this proves a contract to ship the house on the *Jane Parker*. The court ought not to have permitted the cause to go to the jury upon such evidence. It should have granted the motion for a nonsuit.

Besides, even though the nonsuit were properly refused, the bills of lading completely countervail the force of the plaintiff's evidence. It is impossible to conceive how a jury, not acting under some mistake or misapprehension, and uninfluenced by passion or prejudice, could find for the plaintiff, upon the evidence given, a verdict of one thousand and nine hundred dollars. So manifestly contrary to evidence was their verdict, that the court below was obliged to deduct more than five-sixths from the amount which they found. We must complete the act of

justice which the court below only partially performed, and deduct the balance.

Judgment reversed, with costs.