[No. 7,493.—Department Two.]

## S. B. EMMERSON *v.* B. D. WEEKS.

NONSUIT—OPENING STATEMENT—CONTRACT OF SALE—COMPLAINT.—*Held*, That a nonsuit upon the opening statement of plaintiff's attorney was erroneously granted.

ID.—ID.—It would be much better not to nonsuit on an opening statement, unless it is clearly made and it is plainly evident therefrom that no case can be made out.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Superior Court of Santa Clara County. HEAD, J.

The opening statement referred to in the opinion in effect stated, that the land upon which the timber, referred to in the complaint, grew, was once the property of R. J. Weeks, the father of the defendant, and the plaintiff having acquired the title thereto in satisfaction of a debt, leased it (simply for cultivation) to R. J. Weeks for the term of ten years, with the agreement that he would sell the land to him for the amount of the original debt; that after the lease had been in existence about three years, the defendant proposed to put a

sawmill on the land, and to use the timber of the plaintiff
and with the proceeds to pay or help to pay his father's debt,
but with the further understanding and agreement, that if
the plaintiff's debt was not paid and the ranch redeemed or
rebought, he would pay the plaintiff the value of the timber
cut. The Court below seems to have granted the nonsuit,
principally on the ground, that the complaint alleged an ab-
solute agreement to pay the value of the timber, and that the
evidence proposed showed a conditional agreement only.

*McKisick & Rankin,* for Appellant.

The circumstances of the case are somewhat peculiar. The
complaint averred the ultimate facts in proper form. Coun-
sel for plaintiff made an explanation of certain circumstances,
which the evidence would necessarily disclose, for the purpose
of showing inducements held out to the plaintiff by the de-
fendant, in order to get permission to cut the timber. The
Court seems to have confounded those explanatory circum-
stances with the assumpsit, and upon defendant's motion
granted a nonsuit. In *Hirsch* v. *Rand,* 39 Cal. 315, a similar
course was pursued by a District Judge, and it would seem
to be sufficient authority to reverse the case, if any authority
be necessary. The complaint conforms to the rules prescribed
in *Halleck* v. *Mixer,* 16 Cal. 578, which was a timber case.
Neither probative facts nor explanatory circumstances ought
to be averred in a complaint. (*Dambmann* v. *White,* 48 Cal.
450; *Harris* v. *Hillegasse,* 54 id. 470; *De La Guerra* v. *Good-
rich,* 55 id. 21; *Babcock* v. *Goodrich,* 47 id. 512; *Racouillat*
v. *Rene,* 32 id. 456.)

*Fox & Ross,* for Respondent.

The variance between the pleading and the facts stated as
intended to be proved, is so material as to render nonsuit un-
avoidable. Immaterial variance shall be disregarded by the
very force of this rule—material variance shall be regarded.
(Code Civ. Proc. 469, 470; *Johnson* v. *Moss,* 45 Cal. 515.)
There was a material and fatal variance between the case
pleaded and the case or facts stated, which actually misled the
defendant to his prejudice. The complaint showed an action
upon contract. The statement of facts to be proved shows

an entirely different case, if any; a conditional obligation of defendant to pay, provided his father did not repurchase the rancho or carry out some arrangement to which defendant was not in any sense a party. Such a variance is fatal. (*Colt v. Miller*, 10 Cush. 49.)

THORNTON, J.:

On the trial of this cause, the plaintiff was nonsuited on the opening statement of his counsel.

The action was brought, as shown by the complaint, to recover for timber cut by defendant from plaintiff's land, situated in the County of San Mateo, under an agreement made between the parties to this action, the defendant agreeing to pay therefor whatever it was reasonably worth. It is averred that defendant, under such agreement, on the 15th of July, 1877, entered on said land, and cut and removed therefrom one million two hundred thousand feet of timber then growing thereon; that the timber so cut and removed was worth three dollars per thousand feet, and of the aggregate value of three thousand six hundred dollars; that defendant has not paid the same, or any part of it, though often requested so to do, and refuses to pay it or any part of it, and that the said sum is owing and unpaid from defendant to plaintiff.

When the counsel for plaintiff made his opening statement, a long colloquy ensued between the counsel and the Court. The statement was not made in the clearest manner, but from it, as made, it can be readily perceived that defendant agreed to pay the plaintiff for whatever timber was cut and removed by him from the tract of land, what it was reasonably worth; that he had cut and removed a large amount of timber which was of value, and that he had not paid for it. In making his statement, the counsel introduced several matters not affecting his cause of action, some of which were merely inducement, and others immaterial in making out his case. It is not requisite to state all that was said by counsel in opening his case, and would unnecessarily prolong this opinion to do so. But on a fair construction of all that was said, we are of opinion that the counsel stated a cause of action, and should have been allowed to go on and put in his testimony.

We would observe that it would be much better not to

nonsuit on an opening statement, unless it is clearly made, and it is plainly evident therefrom that no case can be made out. It is much better to permit the plaintiff to put in his testimony, and that the motion should be then made. It will be found, on pursuing this course, that on many occasions there would be no ground of nonsuit.

The judgment and order should be reversed and the cause remanded, and it is so ordered.

SHARPSTEIN, J., and MORRISON, C. J., concurred.