Donahue, J.
The important question presented by this record is whether a trial court is authorized to withdraw a cause from the jury and enter a judgment of non-suit upon the statement of counsel as to what plaintiff expects to prove in support of the allegations of his petition. This question, in its exact form, has never been adjudicated in this state, but there are *222 many cases bearing upon the principle involved, particularly the case of Cin. Gas & Elec. Co. v. Archdeacon, Admr., 80 Ohio St., page 27. In the opinion at page 38, it is said: “When the facts are conclusively determined in a manner not affected by any error, nothing remains to be done but to apply the law to those facts, and that application is a function of the court. And this is true at whatever stage of the progress of a case, or in whatever manner the material facts may be thus conclusively established, whether it be by the statements of counsel, made for the purposes of the trial, or by failure of the party upon whom the burden of proof rests to offer substantial evidence in favor of all the allegations which the issues require him to support, or by the concurrent testimony of all the witnesses, or by an agreed statement of facts, or by a special verdict, or by answers of juries to interrogatories.”
In the case of Lindley v. A. T. & S. F. Rd. Co., 47 Kans., 432, it was held that: “Where the plaintiff, in making the opening statement of his case to the court and jury, admits or states facts the existence of which absolutely precludes a recovery by him, the court may close the trial at once and give judgment against him.”
In the case of Emmerson v. Weeks, 58 Cal., 382, this language is used: “It would be much better not to non-suit on an opening statement, unless it is clearly made and it is plainly evident therefrom that no case can be made out.”
While it is certainly true that a court should exercise great caution in summarily disposing of *223 a case upon the statement of counsel, yet that it has the right and authority to do so in a proper case, cannot be doubted. Otherwise the time of the court and jury would be wasted to no purpose, for the result, if the evidence were introduced, must necessarily be the same. It is perhaps true that counsel, in stating his case, may inadvertently overlook some important facts that he is required to establish by the evidence, and for that reason, after the sufficiency of his statement has been challenged, he should then be given full and fair opportunity to explain and qualify his statement and make such additions thereto as, in his opinion, the proofs at his command will establish. But when counsel has covered in detail all of the matters and things he proposes to offer in support of the essential averments of his petition, and he has been given such opportunity to explain and qualify his statement and make any proper additions thereto, and it still appears that such facts, if established by the evidence, would not sustain the averments of the petition and would not authorize verdict and judgment in favor of the plaintiff, it is not only the right but the duty of the court to act and prevent the unnecessary delay of a long and tedious trial and the waste of the time of the court and jury, that should be given to other litigation. Such a motion on the part of the defendant is an admission, for the purposes of the motion, that the facts proposed to be proven by plaintiff are true, and, therefore, it is in substance and effect, for the purposes of the motion, an agreed statement of facts.
*224 The only duty of a jury is to determine disputed questions of fact, and when facts are admitted, the function of the jury is ended, and the proper judgment to be entered upon the facts so established by the admission of the parties, involves only a question of law for the court.
In the case of Gas Co. v. Archdeacon, Admr., supra, the third paragraph of the syllabus is as follows: “Though issues joined in a case are triable to a jury, when the facts are conclusively determined in a manner not affected by material error, the application of the law to such facts is a function of the court, and its exercise, when properly invoked, becomes a duty.”
In the case of Oscanyan v. Winchester Repeating Arms Co., 103 U. S., 263-264, it was held that: “The.power of the court to act in the disposition of a trial upon facts conceded by counsel, is as plain as its power to act upon the evidence produced. * * * Counsel should be allowed to explain and qualify his statement, so far as truth will permit; but if, with such explanation and qualification, it should clearly appear that there could be no recovery, the court should not hesitate to so declare and give such direction as will dispose of the action.”
The second question presented by this record is whether the common pleas court erred in holding that the facts that the plaintiff proposed to establish by the evidence would not, if so established, sustain the essential averments of his petition, and support a verdict and judgment for plaintiff.
*225 It is claimed in the brief of counsel for plaintiff in error that the petition was read in the opening statement and that, as the petition states a cause of action, therefore, his statement was sufficient. It does not appear from the bill of exceptions that the petition was read, but that fact does appear from the entry in the common pleas court, of the date of July 14, 1910. There is no contention here made that the averments of the petition are not sufficient,- but on the contrary the claim is that the evidence the plaintiff proposed to offer would not sustain the averments of this petition. The petition avers a valid contract. The plaintiff offered to prove, in support of this averment, certain conversations had between himself and Mr. Morrison to show that there was an express, or at least an implied, contract that the plaintiff should act as the agent for defendant in the sale of this property, and these conversations counsel for plaintiff stated in detail, and the motion to withdraw the cause from the jury admits that these conversations were had in manner and form as claimed for them by counsel for plaintiff. The first of these conversations, touching the sale of this property, was in December, 1908, and the substance of it, as stated by counsel, is that plaintiff asked defendant to permit him to act as his agent and find a purchaser for his real estate. Defendant told him that there was then an option on the land which would not expire until the first of the following'month. That “if the property did not sell under this option he would just as leave Mr. Cornell would have it for sale as any other *226 person.” That is the whole extent of the first conversation and all that counsel claimed for it, and that certainly does not amount to a contract. The next conversation was in January following, and in that conversation plaintiff asked if the property had sold under the option. Defendant said “No.” Plaintiff told him he had persons to whom he thought he could sell the property; they would take it. Defendant asked him who they were, and thereupon proposed to plaintiff that if “he would tell him who these prospective purchasers were, he would tell plaintiff how much the other people were to pay, or something to that effect.” Thereupon, plaintiff accepted the proposition tendered him by defendant and told him the names of the prospective purchasers. So far as statement of counsel is concerned, that is all there was of that conversation. Clearly the only contract it tends to prove is a contract that defendant would tell plaintiff the purchase price named in the option if plaintiff would tell him the names of his prospective purchasers.
Instead of tending to prove that defendant either expressly or impliedly agreed that plaintiff should act as his agent in the sale of this property, the fair construction of the language used by the defendant directly negatives such intention on his part, for, instead of agreeing to appoint him as his agent for the sale of this property, he made an entirely different proposition, and that was that he would exchange certain information that he possessed, for information that plaintiff possessed, touching possible purchasers.
*227 These two conversations were the only ones, and all that plaintiff proposed to prove in support of the averment of his petition that a valid contract of agency for the sale of this real estate had been made between Mr. Morrison, as owner, and Mr. Cornell, as agent, and, admitting that counsel for plaintiff truly stated these conversations in detail, they fall far short of establishing such a contract.
It is true that proofs of other facts are tendered in connection with these conversations, that might g-o to show that Mr. Morrison had acted in bad faith and availed himself of the information he received from Mr. Cornell, contrary to the intention and expectation of Mr. Cornell, and had thereby secured an unfair advantage; but, even if that were conceded, it would not avail the plaintiff anything in the present state' of the pleadings. However, there were no limitations placed upon Mr. Morrison as to the use he should make of this information. He had a right to stand upon the proposition that he made to Mr. Cornell, and that proposition was that he would tell Cornell the purchase price named in the option that had just expired, if he, Cornell, would tell him the names of the purchasers he had in view. Mr. Cornell accepted that proposition and gave him that information, and there is no claim but that Mr. Morrison then furnished Mr. Cornell the information that he had agreed to give him. While the contract for such exchange of information may have been a very unprofitable one for Mr. Cornell, yet that was for his considera *228 tion at the time he made it, and he cannot now be heard to complain of the transaction. If Mr. Morrison had asked him for the names of these purchasers without any further explanation or any further statement as to what he would do for Mr. Cornell in return for such information, it might very properly be said that the fact of his asking for the information which was valuable to him, was an acceptance of the terms upon which Mr. Cornell had proposed to give it to him, i. e., as his agent for the sale of this real estate, with the understanding and expectation of being paid a commission therefor. But, when he qualifies his request for the information by saying to him, in effect, you give me this information and I will give }^ou other information in my possession in exchange therefor, it necessarily excludes the idea that he had accepted the proposition made by Mr. Cornell to act as his agent, and Mr. Cornell ought ■ to have so understood it. It leaves no question for the jury whatever. The language is plain and unequivocal and is not subject to the construction contended for by counsel for plaintiff in error. Plaintiff in error was required to prove by the preponderance of the evidence the averments of his petition that there was a contract, either express or implied. It is clear that there was no such express contract, and it is equally clear that the language used by Mr. Morrison directly refutes the claim that' there was an implied contract of the kind and character pleaded in the petition, but on the contrary that there was an express contract of a very different nature.
*229 The judgment of the circuit court affirming the judgment of the common pleas court is affirmed.

Judgment affirmed.

Davis, C. J., Spear, Shauck, Johnson and O’Hara, JJ., concur.