[Civ. No. 5616. Third Appellate District.—July 29, 1936.]

THE ANGLO-CALIFORNIA NATIONAL BANK OF SAN FRANCISCO (a Corporation) et al., Petitioners, v. THE SUPERIOR COURT OF GLENN COUNTY, Respondent.

Aaron N. Cohen for Petitioners.

Arthur Huston and Paul A. Lindley for Respondent.

THOMPSON, J.—This is a petition for a writ of *mandamus* to require the Judge of the Superior Court of Glenn County to dismiss an action numbered 5520 which was filed in that county February 5, 1935, and which is now pending therein between C. V. and Carrie Seidell, plaintiffs, and Anglo-California Trust Company et al., defendants, the court having denied defendants' application for a nonsuit and for judgment on the pleadings. The last suit was brought to cancel a trust deed and the foreclosure proceedings, which became the foundation of the litigation, on the ground that they are void. This writ is sought on the theory that a final judgment which was previously rendered in that county May 20, 1933, in a suit in unlawful detainer numbered 4992, between Edward F. Harris, plaintiff, who acquired the title to the real property on foreclosure sale thereof, and C. V. and Carrie Seidell et al., defendants, is *res judicata* of the issues which are presented in the pending action.

The petitioner in this proceeding contends that the trial court abused its discretion in refusing to grant defendant's motion for a nonsuit and for judgment on the pleadings in the action which is pending in the Superior Court of Glenn County, and that the writ should therefore issue.

We are of the opinion the writ should be denied for the reason that it is not the province of *mandamus* to correct errors of law which occur in the trial of a cause, and if the trial court erred in refusing to grant defendants' motion for

a nonsuit and for judgment on the pleadings, those errors may be corrected on appeal. (*Reidy* v. *Superior Court,* 220 Cal. 111 [29 Pac. (2d) 780]; *People* v. *Pratt,* 28 Cal. 166 [87 Am. Dec. 110]; *People* v. *Superior Court,* 114 Cal. 466 [46 Pac. 383]; *Grivi* v. *Superior Court,* 3 Cal. (2d) 463 [45 Pac. (2d) 181].) In the Grivi case above cited it is said that "In so far as it [the petition for a writ of *mandamus*] seeks to avoid the force and effect of a judgment or order of the court it constitutes a collateral attack thereon". The case of *Reidy* v. *Superior Court, supra,* is determinative of this proceeding. That was a petition for a writ of prohibition to prevent the court from trying a suit on the very ground relied on in the present proceeding, to wit, that a judgment which was rendered in a previous action was *res judicata* of the issues presented in the pending suit. The writ was denied. The language of the Supreme Court in denying that writ applies with persuasive force to the facts of this proceeding. The syllabus concisely states the ground upon which that petition was determined, as follows:

"While the plea of a former judgment may be a complete defense and a bar to a pending action, the court in which the second action is pending has jurisdiction to pass upon the merits of said plea and to determine whether or not it is well taken; and *res adjudicata* must be affirmatively relied upon and shown in evidence and in some cases must be pleaded, but in no case is the plea in and of itself sufficient to oust the court of jurisdiction; and when a former judgment is pleaded, either in bar or as an estoppel on some issue, there immediately arises questions as to the identity of the parties, the validity of the judgment as shown by the judgment-roll, the legal effect to be given it and perhaps many other questions, which matters are for the determination of the trial court, and whether correctly or incorrectly determined, it is nevertheless the exercise of jurisdiction over the subject-matter and the parties."

The record of this proceeding indicates there has been much unwarranted litigation incident to the property which is involved herein. ■ We may not say, however, under the circumstances of this case, that the trial judge abused his discretion in refusing to grant judgment on the pleadings and in refusing a motion for nonsuit. The former suit, the determination of which is deemed to constitute *res judicata*

of the issues which are involved in this case, was an action of forcible entry and detainer, which. is primarily a mere possessory proceeding in which actual title to the real property is ordinarily not an issue and therefore improperly considered. (12 Cal. Jur. 597, sec. 4; 26 C. J. 812, sec. 40; 8 Standard Ency. of Procedure, 1108.) Still there are certain cases of unlawful detainer in which, under the pleadings or particular facts involved, it becomes necessary and proper to determine title to the property incident to the right of possession. (Sec. 1161a, Code Civ. Proc.; *Nineteenth Realty Co.* v. *Diggs,* 134 Cal. App. 278 [25 Pac. (2d) 522] ; *Mortgage Guarantee Co.* v. *Smith,* 9 Cal. App. (2d) 618 [50 Pac. (2d) 835].) In the former action in unlawful detainer, numbered 4992, which is deemed to constitute *res judicata* of the issues in the present proceeding, the Seidells set up a claim of title to the real property in both an answer and a cross-complaint which they filed. On motion the cross-complaint was stricken from the record. Without examining the pleadings and that entire record we are unable to determine whether title to the property was necessarily involved as an incident to the alleged unlawful detention of the property. We may, therefore, not say as a matter of law that the judge of the trial court abused his discretion in denying the motion for a nonsuit or for judgment on the pleadings. We are unable in this proceeding to hold that the court erred in its rulings upon those motions, and if it did, those errors may be corrected on appeal.

For the same reason we may not hold as a matter of law that other litigation which grew out of controversies over this same property constitutes *res judicata* of the issues which are presented in the pending suit. One of these other cases was filed May 6, 1930, in the Superior Court of Glenn County, entitled *C. V. and Carrie Seidell* v. *Tuxedo Land Company et al.* Judgment of nonsuit was granted in that case. That judgment was affirmed by this court on appeal. (1 Cal. App. (2d) 406 [36 Pac. (2d) 1102].) It has been repeatedly held that a judgment of nonsuit is not a bar to another action presenting the same issues and does not render such judgment *res judicata* in a subsequent case involving the same issues. (15 Cal. Jur. 131, sec. 185; *Mohn* v. *Tingley,* 191 Cal. 470 [217 Pac. 733] ; *San Francisco* v. *Brown,*

153 Cal. 644 [96 Pac. 281]; *Ramsey* v. *Powers,* 74 Cal. App. 621 [241 Pac. 567].)

The other case relied on by the petitioner in this proceeding as constituting *res judicata* of the issues herein was a suit which was brought in Glenn County Superior Court by the Seidells as plaintiffs against Tuxedo Land Company, Harris and other defendants, except this petitioner, The Anglo California National Bank of San Francisco, numbered 5094, to cancel the deed of trust dated August 25, 1925, which is involved in this proceeding. From the complaint which was filed in that case it appears that Harris, the beneficiary under that trust deed, had conveyed to the Covingtons this property "subject to a deed of trust dated August 25, 1925, and recorded August 25, 1926", and the Covingtons subsequently conveyed the same property to the Seidells in consideration of their promissory note for $500, subject to the same original trust deed. Judgment was rendered against the Seidells in that suit, which judgment was affirmed on appeal. (*Seidell* v. *Tuxedo Land Co.,* 216 Cal. 165 [13 Pac. (2d) 686].) The Supreme Court merely held that: "While the assignment given by him [Harris] to the Tuxedo Land Company was ineffective for the purpose of passing any title to said land, *it was valid as an assignment of the promissory note* secured by the deed of trust, and the assignment of the note carried with it the security of the deed of trust. (Sec. 2936, Civ. Code.)" We are unable to say from the record of that case which is before us, that title to the land in question was conclusively determined therein.

For the reasons assigned in the case of *Reidy* v. *Superior Court, supra,* the language of which appears to be conclusive of the present proceeding, the petition for a writ of *mandamus* is denied.

Plummer J., and Pullen, P. J., concurred.