## Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 7177. Dec. 20, 1949.]

FAITH SALOMONS et al., Appellants, v. FLORENCE C. LUMSDEN et al., Respondents.

Arthur V. Kaufman for Appellants.

Sprague & Sparks and Marvin Osburn for Respondents.

SHAW, P. J.—The plaintiffs brought this action to recover money paid by them as buyers under a contract for the purchase of real estate, alleging that they were induced to enter into the contract by fraudulent misrepresentations as to the dimensions of the property and that they had for this reason rescinded the contract. At the trial a nonsuit was granted, after the plaintiffs completed the presentation of their evidence, and a judgment was entered, "which [it declared] shall operate as an adjudication on the merits in the action." From this judgment the plaintiffs appeal.

The argument in support of this judgment appears to proceed, at least in part, on the theory that the question for decision is, whether findings for the defendants on the merits would be supported by the evidence. Although the respondents do not so state, we surmise that this theory was born of a reading of section 581c of the Code of Civil Procedure, which

was enacted in 1947 and took effect before the trial of this action. That section reads as follows:

"After the plaintiff has completed his opening statement or the presentation of his evidence, the defendant without waiving his right to offer evidence in the event the motion is not granted, may move for a judgment of nonsuit. If the motion is granted, unless the court in its order for judgment of nonsuit otherwise specifies, such judgment operates as an adjudication upon the merits."

In this case, the court in its order did not otherwise specify.

The problem is thus presented whether section 581c has altered the rule followed in this state before its passage regarding the effect to be given the evidence in considering a motion for a nonsuit. That rule was established without dispute by a multitude of decisions and was thus declared in *Milana* v. *Credit Discount Co.* (1945), 27 Cal.2d 335, 342-3 [163 P.2d 869, 165 A.L.R. 621] : "A motion for a nonsuit may not be granted where there is evidence of sufficient substantiality to support a finding for the plaintiff, and in arriving at a conclusion on the question the evidence should be viewed most favorably to the plaintiff with every legitimate inference drawn in her favor and conflicts disregarded." To the same effect see *Blumberg* v. *M. & T. Incorporated* (1949), 34 Cal. 2d 226, 229 [209 P.2d 1] a case which, while decided long after the effective date of section 581c, involved a trial held before that date and so has no bearing on the problem above stated. Our answer to this problem is that section 581c was not intended to and has not changed the rule above quoted and that rule must still be followed by the court to which a motion for a nonsuit is addressed.

Several matters combine to lead us to this conclusion. In the first place, section 581c provides for "a judgment of nonsuit." In the vocabulary of the law "nonsuit" is a well recognized technical term. "Nonsuit is the name of a judgment given against plaintiff when he is unable to prove his case, or when he refuses or neglects to proceed to the trial of a case after it has been put at issue, without determining such issue although the term 'nonsuit' is sometimes broadly applied to a variety of terminations of an action which do not adjudicate the issues on the merits." (27 C.J.S. 157.) It is obvious that section 581c relates to the first phase of the definition here given, for the motion is to be made only at a time when, at a trial, the sufficiency of a plaintiff's showing

of his case is open to question. As early as 1850 it was decided that the trial courts of this state have power to take a case from the jury where the plaintiff's proof is not sufficient to support a judgment in his favor, and this action was referred to as the granting of a nonsuit. (*Ringgold* v. *Haven* (1850), 1 Cal. 108, 113-115.) The case last cited stated a rule as to the mode of considering the evidence on a motion for a nonsuit which, although put in different words, is substantially the same as that above quoted. (1 Cal. 116.) Again in *Dalrymple* v. *Hanson* (1850), 1 Cal. 125, 127, the court said, following the preceeding case, that if the plaintiff's evidence is insufficient in law to support a verdict for plaintiff, or the court would set aside such a verdict as contrary to the evidence, "it is the duty of the court to *nonsuit* the plaintiff." (Emphasis ours.) In *Mateer* v. *Brown* (1850), 1 Cal. 221, 222, the rule of *Ringgold* v. *Haven, supra,* was reaffirmed, the term "nonsuit" was used to describe the order of the court in such a case, and the rule governing the court in passing on a motion for a nonsuit was again declared as in *Ringgold* v. *Haven.* Ever since those early decisions the rules stated in them have been repeated whenever necessary and followed, with some variation in the form of stating the rule governing the court in considering the motion until it finally reached the form above quoted, and the term "nonsuit" has at all times been used to refer to a decision reached by an inquiry conducted according to the last mentioned rule, without any weighing of conflicting or opposing evidence or inferences. (See *Mitchell* v. *Brown* (1912), 18 Cal.App. 117, 121, 126 [122 P. 426], and cases there cited; also *Milana* v. *Credit Discount Co. supra,* and *Blumberg* v. *M. & T. Incorporated, supra.* It is also a well recognized practice to grant a nonsuit on plaintiff's opening statement when complete (*Wrightson* v. *Dougherty* (1936), 5 Cal.2d 257, 265 [54 P.2d 13] ; *Paul* v. *Layne & Bowler Corp.* (1937), 9 Cal.2d 561, 564 [71 P.2d 817]), although it has been said that it is better to wait until the testimony is all in. (9 Cal.Jur. 550; *Emmerson* v. *Weeks* (1881), 58 Cal. 382, 384-5). In view of this long established use of the word "nonsuit" to designate a decision reached without any consideration of the weight or credibility of the evidence, we should not hold that the Legislature intended to provide by the use of this word for a decision based on radically different rules, unless something in the other wording of its enactment compels that conclusion. This we do not find.

By the same statute which placed section 581c in the Code of Civil Procedure as a new section, section 581 of that code was amended so as to remove from it all reference to a nonsuit. Before this amendment, the introductory clause of section 581 read, including the matter in brackets: "An action may be dismissed [,or a judgment of nonsuit entered,] in the following cases:". By the amendment the bracketed matter was omitted, and the following words were omitted from subdivision 5 of section 581: "By the court upon motion of the defendant when upon the trial the plaintiff fails to prove a sufficient case." The matter thus omitted from section 581 is descriptive of a nonsuit as it has been known and understood throughout the legal history of this state, and it is clear that the Legislature intended to continue the use of the nonsuit procedure and merely moved it from one section to another for greater convenience of statement and amendment without intending to alter it except in some particulars hereinafter discussed.

This statute added to section 581c the provision that a judgment of nonsuit, unless otherwise ordered, "operates as an adjudication on the merits." This undoubtedly changes the former rule as to the effect of a nonsuit. As indicated by some of the authorities already cited, a nonsuit suffered for any cause has not been a bar to a subsequent suit on the same cause of action or an adjudication of any of the issues. (*Mohn v. Tingley* (1923), 191 Cal. 470, 478 [217 P. 733]; *Bollinger v. National Fire Ins. Co.* (1944), 25 Cal.2d 399, 403 [154 P.2d 399]; *Anglo-California Nat. Bank v. Superior Court* (1936), 15 Cal.App.2d 676, 679 [59 P.2d 1053]; *Ridley v. Young* (1944), 64 Cal.App.2d 503, 508 [149 P.2d 76].) Consequently, a plaintiff who was nonsuited could at once begin another action for the same cause, and could repeat this procedure as often as he pleased without being affected by the former decision or decisions. Plaintiffs occasionally took advantage of this possibility by bringing repeated actions, either to harass and annoy defendants, or in the hope of gaining something by way of settlement, or for both purposes. Then, too, there were cases where it was obvious that the evidence produced by the plaintiff was all that could be had in support of his action; and if it was insufficient, time could be saved by ending the matter with an adjudication at the close of his case without hearing evidence for the defendant. To take care of these, and perhaps other situations, the Legislature deemed it advisable to confer upon the court a discretion to make a nonsuit a bar to

another action. But to accomplish any such purpose it was not necessary to change the rule regarding the mode in which the court should consider the evidence in passing on a motion for a nonsuit, and it is clear to us that the Legislature has not done so.

Applying the foregoing rules to the evidence here, we conclude that the court erred in granting the nonsuit. The defendants Lumsden were the owners of the land the plaintiffs agreed to buy. There was evidence from which it could be inferred that in making the agreement the plaintiffs relied on an erroneous statement of the size of the lot in question, made by one of the Lumsdens and apparently acquiesced in by the other. It was agreed that the correct dimensions of the lot on its four sides were 77.82 feet, 80 feet, 90.47 feet, and 80.99 feet. On it there was a house. According to testimony for the plaintiffs, when the defendant Walker, a real estate sales agent, showed the plaintiffs a listing slip on which the correct dimensions of the lot were given (omitting fractions of a foot) and stated that the lot was approximately 80 feet x 90 feet, one of the defendants Lumsden interrupted and said: ''You are wrong, Miss Walker, it is approximately 100 feet square.'' This is a positive statement of a fact which could well be regarded as material to the purchase. (*de Barios* v. *Barlin* (1920), 46 Cal.App. 665, 670 [190 P. 188]; *Dohrman* v. *J. B. Roof, Inc.* (1930), 108 Cal.App. 456, 463 [291 P. 879]; *Younis* v. *Hart* (1943), 59 Cal.App.2d 99, 103 [138 P.2d 323].)

The owner of land is presumed to know the boundaries and area of his land, and a buyer is justified in relying upon his representations in regard to such facts (*Eichelberger* v. *Mills Land etc. Co.* (1908), 9 Cal.App. 628, 634 [100 P. 117]; *Del Grande* v. *Castelhun* (1922), 56 Cal.App. 366, 368 [205 P. 18]; *Dohrman* v. *J. B. Roof , Inc., supra,* 108 Cal. App. 464). The fact that the plaintiffs saw the listing agreement which correctly stated the size of the lot does not prevent them from relying upon the defendant's positive statement that it was wrong. (*Younis* v. *Hart, supra,* 59 Cal.App. 2d 104; *Eichelberger* v. *Mills Land Co., supra,* 9 Cal.App. 638.) The plaintiff was not bound to prove the defendant's knowledge that his statement of the size of the lot was untrue. (*Del Grande* v. *Castelhun, supra,* 56 Cal.App. 367-8.) Not only was the defendant presumed to know the truth on this matter, as stated by the authorities above cited, but it has

also been said that it is the vendor's *duty* to inform himself regarding it.  (*de Bairos* v. *Barlin, supra,* 46 Cal.App. 670.)

Even if the defendant's lack of knowledge on the subject be assumed, it is inferable that he made his statement in a manner not warranted by his information, which would also constitute actionable fraud (Civ. Code, § 1572, subd. 2).

There is also evidence from which it could be found that the plaintiffs rescinded the agreement and did so promptly.  The plaintiff Louis Salomons, who apparently acted for both plaintiffs, testified that about two weeks after the agreement was made he discovered that the defendant's statement made to him regarding the size of the lot was erroneous, and within a week thereafter he stated this discovery to the defendant W. D. Lumsden, informed him that the plaintiffs had cancelled the escrow, and demanded the return of the deposit for which the plaintiffs now sue.  This is sufficient to support a finding of a formal rescission, if any rescission prior to suit is necessary in this case, which we do not decide.

The defendant W. D. Lumsden admitted that he told one plaintiff it was his understanding that the lot was 100 feet x 100 feet, but said he added to that the further statement, "but that the records will show."  This, if coupled with a showing that he was ignorant of the actual dimensions and believed what he said, might put a different face on the matter and support a finding that there was no fraud; but on the motion for a nonsuit that view of the evidence cannot be taken. Possibly on that view of the evidence a mutual mistake might be found, but mistake is not pleaded in the present complaint.

The judgment is reversed.

Bishop, J., and Stephens, J., concurred.