CAROLINE GESELL and Another, Plaintiffs, *v.* LOUIS A. WELLS and Another, Defendants.

Supreme Court, Delaware County, September 13, 1929.

*Arthur F. Curtis,* for the plaintiffs.

*Hinman, Howard & Kattell,* for the defendants.

RHODES, J. The defendants appear specially for the purpose of moving to set aside the service of the summons and complaint herein. While it does not appear from the moving affidavits, it is stated in the brief filed on behalf of the defendants that they are non-residents of the State of New York and are residents of the State of Wisconsin and that the defendant Louis A. Wells is the father of the defendant Jeffery Wells.

The moving affidavits recite that the defendant Louis A. Wells was the owner of the automobile; that he was not in the State of New York at the time of the accident; that the automobile was being operated by the said Jeffery Wells who was accompanied by his sister and mother. Service was attempted to be made upon the defendants pursuant to the provisions of section 285-a of the Highway Law (added by Laws of 1928, chap. 465) by leaving a copy of the summons and complaint with the Secretary of State and mailing notice of such service and a copy of the summons by registered mail to the defendants, and the filing of an affidavit of such service in the office of the clerk of the county of Delaware November 21, 1928.

The defendant Jeffery Wells argues that service should be set aside as to him because of the fact that at the time of the accident he was a minor and that, therefore, any appointment by him of the Secretary of State as his true and lawful attorney is voidable upon the ground that such a contract of an infant is voidable at his election. I do not think this contention is correct.

Section 285-a, as in force at the time of the accident, provided, in part, that " the operation by a non-resident of a motor vehicle on a public highway in this State shall be deemed equivalent to an appointment by such non-resident of the Secretary of State to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident

or collision in which such non-resident may be involved while operating a motor vehicle on such public highway; * * *."

The status of the Secretary of State as the true and lawful attorney of the defendant is not created by contract, but by the operation of law resulting from the act of the defendant in coming within the jurisdiction of the State of New York and operating an automobile on a public highway thereof. When the defendant entered the territorial limits of this State, he became subject to the jurisdiction of its laws. It seems clear that the Legislature has power to remove the disabilities and privileges surrounding infancy, and may provide the method in which service of a summons upon a minor may be made and the method in which guardians may be appointed to represent the minor irrespective of whether or not the minor is willing or consents thereto.

The status of the Secretary of State as the attorney of the non-resident minor, therefore, results through the operation and command of the statute and not because of any consent, agreement or contract on the part of the minor. The statute makes no distinction between a minor and an adult in this respect, and plaintiff having made service upon the minor in the manner provided by statute, jurisdiction is complete and the service should not be set aside as to him.

The service upon the defendant Louis A. Wells must also be upheld. He was not within the State at the time of the accident, but the car was being operated by his son, and presumptively with his consent and in his behalf. (*Ferris* v. *Sterling*, 214 N. Y. 249.) I think the question as to him has been determined by the decision in the case of *O' Tier* v. *Sell* (226 App. Div. 434, decided June 27, 1929). Before the rendering of the decision in the *O' Tier* case, I had written a memorandum herein in which, as to the defendant Louis A. Wells, I had arrived at a conclusion in accordance with the views expressed in the dissenting opinion in the *O' Tier* case, but as no order has yet been signed, and the law applicable has been determined and announced by the appellate court, this motion should be decided in accordance therewith.

The motion is, therefore, denied, with ten dollars costs.