CAROLINE GESELL and Another, Respondents, *v.* LOUIS (LEWIS) A. WELLS and Another, Appellants.*

Third Department, March 19, 1930.

* Modfg. 134 Misc. 331.

*Hinman, Howard & Kattell* [*C. Addison Keeler* of counsel], for the appellants, appearing specially.

*Lewis F. Raymond* [*Arthur F. Curtis* of counsel], for the respondents.

HINMAN, J. The question is whether the court acquired jurisdiction of both or either of the defendants in this action by the service of the summons made upon them as non-residents pursuant to section 285-a of the Highway Law (as added by Laws of 1928, chap. 465, now section 52 of the Vehicle and Traffic Law). The complaint is in negligence and alleges personal injuries and property damage arising out of a collision of a Ford truck belonging to one of the plaintiffs and a touring car owned by the defendant Louis A. Wells and driven by the defendant Jeffery Wells with the consent of the defendant Louis A. Wells. The accident occurred in Delaware county, N. Y., on or about August 1, 1928. The defendants are residents of Wisconsin. This being an accident in which a non-resident was involved " while operating a motor vehicle " on a public highway in this State, the plaintiffs served the summons in accordance with the provisions of said section 285-a of the Highway Law. On November 2, 1928, a copy of the summons and complaint was left with the Secretary of State at Albany, N. Y., with a fee of two dollars and there was obtained from such official a receipt admitting such service. On November 8, 1928, further service was made upon the defendants by mailing to each of them a copy of said summons and complaint by registered

mail, addressed to each of them at Mauston, Wis. The usual registered mail receipts were returned to the plaintiffs a few days later.

The defendants appeared specially for the sole purpose of making the motion to vacate the alleged service of the summons and for the dismissal of the complaint as to each defendant, on the ground that the defendant Louis A. Wells was not within the State of New York at the time of the accident, and on the ground that the defendant Jeffery Wells, who was operating the car at the time of the accident, was an infant, nineteen years of age, and that any implied agreement on his part, growing out of the provisions of section 285-a of the Highway Law, was either void or voidable at his election and that such agreement, if any, has been repudiated by him. The learned justice at Special Term wrote two opinions, the later one being prompted by the decision of the Appellate Division in the Fourth Department in *O'Tier* v. *Sell* (226 App. Div. 434), but only the later opinion has been published. (See 134 Misc. 331.) The motion was denied as to both defendants, and the appeal is from the order of denial.

Since the decision below, the Court of Appeals has reversed the decision in *O'Tier* v. *Sell* (*supra*), and has held that said section 285-a of the Highway Law applies only to a person actually " operating " the car and that " the owner does not operate the car unless he drives it himself." (*O'Tier* v. *Sell*, 252 N. Y. 400, 403.) The order must, therefore, be reversed as to the defendant owner of the car, Louis A. Wells.

We agree with the learned court below that the statute in question makes no distinction between a minor and an adult in respect to its operation. It operates to require any non-resident to answer for his conduct in the State to the extent of declaring that the use of our public highways by the non-resident is the equivalent of the appointment of the Secretary of State as agent on whom a summons may be served. It is an exercise of the police power of the State, reasonably calculated to promote care and accountability on the part of all who use its highways for the operation of dangerous machines such as are motor vehicles. (*Hess* v. *Pawloski*, 274 U. S. 352, affg. *Pawloski* v. *Hess*, 250 Mass. 22; 153 id. 478.) Surely they are not less dangerous in the hands of minors. It is inconceivable that there should have been any legislative intent to exclude minors. But it is urged that the statute in question is based upon an implied agreement which, in the case of an infant, may be repudiated at his election. It would be strange if a police regulation of the State could be thus evaded.

The language of section 285-a of the Highway Law, so far as material, is as follows: " The operation by a nonresident of a motor

vehicle on a public highway in this State shall be deemed equivalent to an appointment by such nonresident of the Secretary of State to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity as if served on him personally within the State. * * *."

The constitutionality of the statute has been well settled. (*O' Tier* v. *Sell,* 252 N. Y. 400; *Hess* v. *Pawloski,* 274 U. S. 352.) A substantially identical statute in Massachusetts was considered in *Hess* v. *Pawloski* (*supra*), wherein the United States Supreme Court said: " And, in advance of the operation of a motor vehicle on its highway by a non-resident, the State may require him to appoint one of its officials as his agent on whom process may be served in proceedings growing out of such use. *Kane* v. *New Jersey,* 242 U. S. 160, 167. That case recognizes power of the State to exclude a non-resident until the formal appointment is made. And, having the power so to exclude, the State may declare that the use of the highway by the non-resident is the equivalent of the appointment of the registrar as agent on whom process may be served." If it is a " constructive contract," it is one which is absolutely binding by operation of a law passed in the exercise of the State's police power, and " obligations and rights under the statute are not elective. They rest upon the command of the State and not upon agreement of the parties." (*Matter of Cameron* v. *Ellis Construction Co.,* 252 N. Y. 394, 396; *Matter of Smith* v. *Heine Boiler Co.,* 224 id. 9, 11.) It is more than a " constructive contract." It is not contractual in a strict sense; it is an obligation imposed by the sovereign power of the State upon the act of coming into the State and using the State's highway. The obligation then becomes complete and binding because the statute so declares it. Its command and obligation cannot be evaded, disaffirmed or repudiated because of infancy. " When the law clothes an intentional and intelligent act with specified consequences, then the doing of that act commonly entails those consequences." (*Pawloski* v. *Hess,* 250 Mass. 22, 27.) Any non-resident infant old enough to operate a motor vehicle is presumably capable of the " intentional and intelligent act " of voluntary acceptance of the benefit of using our highways upon the condition named in the statute. He comes fairly within the scope of a statute affording a convenient method of obtaining a personal judgment against all, residents and non-

residents alike, who use our highways; and the provision of the statute is all inclusive.

To perfect service, more is required than leaving a copy of the summons with the Secretary of State. It is not complete unless "notice of such service and a copy of the summons are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt, the plaintiff's affidavit of compliance herewith, and a copy of the summons and complaint are filed with the clerk of the court in which the action is pending." (Highway Law, § 285-a, *supra.*)

All this was done. It appears, however, that the postman did not deliver the registered letter to Jeffery Wells personally. Instead, the other defendant (the father) received both letters and signed the son's name as well as his own to the son's return receipt. All that Jeffery Wells says in this connection in his affidavit submitted on the motion is " that deponent has never had a summons or complaint herein in his possession nor has a summons or complaint herein ever been delivered to him either personally or by mail or by other means, *except a letter containing a summons and complaint was received by Lewis A. Wells and mailed to insurance company.*" Therefore, it appears that he had knowledge of the receipt of the papers, the contents of the envelope, the signing for him of the receipt by his father and of their disposition, which is exactly the same, undoubtedly, as would have been made had they been delivered into his hands. He has, in effect, adopted and ratified the thing done; and has turned over to the insurance company the duty of defending this action just as would have been done had he received the mail in his own hands and receipted for it personally.

The statute does not prescribe that the receipt must be literally delivered into the hands of the defendant and that the receipt shall bear his personal signature. It would be substantial compliance if the person who actually subscribed his name to it had authority so to do. There is no claim that the father had no such authority. We adopt the reasoning of Mr. Justice EDGCOMB in *O'Tier* v. *Sell* (226 App. Div. 434, at p. 440) in his decision on this subject. This case was reversed (252 N. Y. 400) but this question was not decided in the Court of Appeals nor was anything said in disapproval of the discussion in the court below. We think there has been substantial, if not literal compliance with the provisions of the statute; and the defendant and his indemnitor should not be permitted to escape through an aperture so narrow. All that is expected or required is that the defendant shall be fairly apprised by notice that an action has been commenced against him and is given a fair opportunity to defend in person or by his indemnitor. There is

validity of service of process " if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice." (*Wuchter* v. *Pizzutti*, 276 U. S. 13, 24.) Defendant has been informed by papers delivered by mail that an action has been brought against him by service of a summons on his attorney in this State. His rights have not been prejudiced as they would be if through collusion, mistake or other cause he never obtained notice of the action.

The order appealed from should be modified by setting aside the service of the summons and dismissing the complaint as to the defendant Louis A. Wells, and as so modified the order should be affirmed, without costs.

VAN KIRK, P. J., DAVIS, WHITMYER and HASBROUCK, JJ., concur.

Order modified by setting aside service of the summons and dismissing the complaint as to the defendant Louis (Lewis) A. Wells, and as so modified order affirmed, without costs.