**CORBITT v. STOLWEIN.**

No. 835.

District Court, S. D. Ohio, W. D.

Jan. 11, 1935.

A. C. Link and W. H. Griffith, both of Springfield, Ohio, for plaintiff.

Cole, Bowman & Hodge, of Springfield, Ohio, for defendant.

NEVIN, District Judge.

This cause is before the court on a motion filed on behalf of the defendant who, without entering or intending to enter his appearance in this cause, appears solely and specifically for the purposes of this motion to object to the jurisdiction of the court over him. Defendant moves that the issuance, service, and return of summons herein be quashed, set aside and held for naught, as not being in conformity to law. Defendant claims that as a result thereof the court has acquired no jurisdiction over him.

The cause was originally filed in the common pleas court of Clark county, Ohio, and by proper proceedings removed to this court. It is not stated in the original petition filed in the common pleas court of Clark county, Ohio (at least this is true in the certified copy filed in this court), that plaintiff is a citizen and resident of the state of Ohio, although this is alleged as a fact in the "petition for removal." It is alleged (in the original petition) that the defendant, Harry Stolwein, is and was a nonresident of the state of Ohio, although it does not seem to appear in the original petition of what state he is a citizen and resident. Again, however, it is alleged in the "petition for removal" that defendant was and is "a citizen and resident of the State of Pennsylvania and the City of Philadelphia therein."

While, therefore, it does not appear on the face of the original petition that this is a controversy wholly between citizens of different states, nevertheless the court presumes in the light of the allegations contained in the "petition for removal" and the inferences that may possibly be drawn from the allegations in the original petition that it can and should consider the case as one that, due to diversity of citizenship, properly comes within the jurisdiction of this court, if in other respects its jurisdiction has been invoked in the manner provided by law.

The original petition was filed in the common pleas court of Clark county, Ohio, on the 14th day of July, 1934. On the same day a præcipe was filed and summons issued from the clerk's office, as follows:

"Summons The State of Ohio, Clark County. Common Pleas Court To the Sheriff of Franklin County: You are hereby commanded to notify Harry Stolwein (1308 Spruce St., Philadelphia, Pa.) (Serve George S. Myers, Secretary of State of the State of Ohio, as provided by section 6308-2, General Code of Ohio.) that he has been sued by Warren W. Corbitt in the Court of Common Pleas of said Clark County, and must answer by the 25th day of August A. D. 1934, or the petition of said plaintiff will be taken as true and judgment rendered accordingly. Said Sheriff will make due return of this summons on the 6th day of August 1934. Witness my hand and the seal of said Court, this 14th day of July 1934. Verna M. Shoemaker, Clerk By R. Leigh Swanton, Deputy [Seal]." This summons was returned, indorsed as follows: "Sheriff's Return. The State of Ohio, Franklin County. Received this writ July 16, 1934, at 9 o'clock A. M. And on July 17 1934, I served the within named Harry Stolwein, 1308 Spruce St., Philadelphia, Pa., by personally handing to George S. Myers, Secretary of State of the State of Ohio, a true and certified copy of this writ with all the endorsements thereon. Ross E. Anderson Sheriff of Franklin County, O. By A. C. Dickerson, Deputy Sheriff's Office, Franklin County, Ohio, And on July 25 1934, I served the within named Harry Stolwein, 1308 Spruce St., Philadelphia, Pa., by sending to him addressed to his last known address, by registered mail, postage prepaid, a true and certified copy

of this writ with all the endorsements thereon, together with an endorsement thereon of the service upon the Secretary of State of Ohio in this case, the mailing receipt and the returned signed registered mail receipt of the defendant are attached hereto and made a part of the return of service of this writ. Ross E. Anderson Sheriff of Franklin County, O. By A. B. Walker, Deputy."

Plaintiff sought to serve the defendant under and by virtue of the authority found in section 6308-2, G. C. O. Section 6308, G. C. O., provides generally for jurisdiction in actions for injury to person or property by motor vehicles. Section 6308-1, G. C. O., provides for the service of process upon nonresident owners or operators of motor vehicles, and provides that, for the reasons set forth therein, a nonresident of this state, under the conditions prescribed in the statute, shall "make and constitute the secretary of state of the state of Ohio his, her, or their agent for the service of process in any civil suit, * * *" etc. Section 6308-2, G.C.O., with which we are more intimately concerned in this present inquiry, reads as follows: "§ 6308-2. *Process served, how and by whom.*—Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin county, who may be deputized for such purposes by the officer to whom the service is directed, upon the secretary of state of the state of Ohio, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy thereof, with an endorsement thereon of the service upon said secretary of state, addressed to such defendant at his last known address. The registered mail return receipt of such defendant shall be attached to and made a part of the return of service of such process."

Defendant contends that in the instant case the purported issuance, service, and return of summons should be quashed and set aside, first, because such issuance and attempted service were not in conformity to the above section; second, because the return did not show service upon the defendant as required by the section, with the result that there has been a complete failure of service; and, third, by reason thereof, neither the state court nor this court has acquired jurisdiction over the defendant. It is claimed upon behalf of defendant that sections 6308-1 and 6308-2 provide a special method for the service of summons on nonresident defendants in a special type of action and that process statutes should be strictly construed. Britt v. Hagerty, 11 Ohio Cir.Ct.R. 115, and other cases cited. On the other hand, counsel for plaintiff submit that section 6308-2 looks to the protection of the lives and the safety of the people and that it is well established that such legislation should, because of its humane purposes and the evils to be corrected, be liberally construed. Lake Shore, etc., R. Co. v. Benson, 85 Ohio St. 215, 97 N.E. 417, 41 L.R.A.(N.S.) 49, Ann.Cas. 1913A, 945, and other cases cited.

The court is of the opinion, however, that section 6308-2 prescribes a definite method of service and procedure, and that, therefore, the court need not and should not resort to any rule of construction. All that is necessary is to give to the plain and simple language of the statute such purport and intent as appears upon its very face. The meaning of the statute and the intent of the Legislature seems apparent to the court upon a reading of the statute. The court, therefore, can do nothing more than follow the mandate of the Legislature as evidenced by the statute itself. It is not the province of the court to change the clear meaning and intent of the Legislature, as indicated by the statute itself, by resort to rules of construction, either strictly or liberally applied.

Plaintiff contends that the Legislature intended to afford every possible facility for serving process on a nonresident, and in so doing it sanctioned at least three ways for serving process: "1. By the officer to whom the same shall be directed. 2. Or by the Sheriff of Franklin County; and 3. By the officer to whom the same shall be directed, who, if he desires to do so, may deputize the Franklin County Sheriff to complete the service for him."

Defendant claims that the section requires that the process from the Clark county court should have been issued to the sheriff of Clark county, Ohio, who, in turn, had the legal right to deputize the sheriff of Franklin county, Ohio, if he so desired, to serve the secretary of state; that it was the duty of the sheriff of Clark county, Ohio, to have perfected the registered mail service on the nonresident defendant; and that the return of service upon both the secretary of state and the defendant should

have been made by the sheriff of Clark county.

The court is of the opinion that the views as expressed by counsel for defendant are correct; that there are not three ways for serving process as claimed by plaintiff, but only two, to wit: First, that the summons should be directed to the sheriff or officer of the county of the forum, who may go to Franklin county to serve the secretary of state, and who should make the registered mail service and return; or, second, it should be directed to the sheriff or officer of the county of the forum, who may, if he (the Sheriff or officer) sees fit, deputize in a lawful manner the sheriff of Franklin county to serve the secretary of state. In either of these events the officer of the forum should make the return, both as to the service upon the secretary of state and as to the "registered mail return receipt." The court cannot determine that service should be made in any manner other than that prescribed by the statute, and, inasmuch as the mode designated by the statute has not been followed in the instant case, the court is of the opinion that the motion to quash should be, and it is, sustained. The court further holds that under the existing circumstances it is without jurisdiction in the premises.

There is a further question raised in the briefs of counsel as to whether or not the registered mail return receipt referred to in section 6308-2 must be signed by the defendant in person.

In light of the ruling just made, it is the view of the court that it is not necessary for the court to pass upon this question in the instant case, nor does the court do so. However, for the consideration of counsel, the court deems it not improper to call attention to the fact that the cases of O'Tier v. Sell, 226 App.Div. 434, 235 N. Y.S. 534; Gesell v. Wells, 229 App.Div. 11, 240 N.Y.S. 628, together with the language used by the Supreme Court of the United States in Wuchter v. Pizzutti, 276 U.S. 13, at page 19, 48 S.Ct. 259, 260, 72 L.Ed. 446, 57 A.L.R. 1230, read in conjunction with the language used by the Supreme Court in the case of Kane v. New Jersey, 242 U.S. 160, 37 S.Ct. 30, 61 L.Ed. 222, would seem to indicate that a receipt signed personally by the defendant was not necessary if the true copy as provided by section 6308-2 is "addressed to such defendant at his last known address."

An order may be drawn in accordance with the ruling of the court.