Doris Scott, an Infant, by Ralph C. Scott, Guardian ad Litem, and Ralph C. Scott, Plaintiffs, *v.* Warren Dickerson and Ruth C. Wilson, Defendants.

Supreme Court, Special Term, Kings County, November 15, 1938.

*Davies, Auerbach & Cornell,* for the plaintiffs.

*Joseph F. Donovan,* for the defendants.

STEINBRINK, J.  The defendant Wilson appears specially herein by motion to vacate service upon her of a summons and complaint in the province of New Brunswick, Dominion of Canada.

The action is for personal injuries alleged to have been sustained by the plaintiff as a result of the alleged negligent operation of the defendant Wilson's automobile in this State.  In purported compliance with section 52 of the Vehicle and Traffic Law\* the plaintiff served the summons on the Secretary of State at his New York city office and caused a copy thereof to be served personally on the defendant in Canada by an attorney at law qualified to practice in the Province of New Brunswick, wherein service was effected.  The question is whether personal service was made in accordance with the requirements of the statute.  With respect thereto, section 52 of the Vehicle and Traffic Law, after providing for service of the summons on the Secretary of State, goes on to say that there must be delivery of " a duplicate copy thereof, with the complaint annexed thereto, to the defendant personally without the State by   \*   \*   \* an attorney and/or counsellor at law qualified to practice in the State where such service is made."  It is the plaintiff's contention that the word " State " was intended to include foreign countries as well as the States in this country and that any attorney at law qualified to practice in a State outside of this country could make the required service in such State.

Subdivision 16 of section 2 of the Vehicle and Traffic Law defines " State " as including " the Territories and the Federal districts of the United States, except where otherwise expressly provided."  The foregoing definition is in accord with section 47 of the General Construction Law.  Applying a fundamental canon of statutory construction, the mention of specific territory embraced within the statute implies the exclusion of other territories.  (*Jackson* v. *Citizens Casualty Co.,* 277 N. Y. 385, 390; *Aultman & Taylor Co.* v. *Syme,* 163 id. 54, 57.)  Furthermore, the legislative intent to restrict application of the section to States or Territories of the United States is made clear by the manner in which section 233 of the Civil Practice Act was drawn.  There it was specifically provided that service out of the State could be made by a " *solicitor, advocate* or *barrister* duly qualified to practice in the State or *country* where such service is made."  In omitting the italicized words from section 52 of the Vehicle and Traffic Law it must be assumed that

---

\* Since amended by Laws of 1939, chap. 162.

the Legislature intended to confine the section to its express provision and to preclude its extension by implication.

The plaintiff may not invoke section 233, since that section is limited to service without the State in cases where publication of the summons is ordered. Here such publication has not been ordered.

The motion will consequently be granted.