McWILLIAMS, J.
Plaintiff and appellant filed suit against defendant for damages alleged to have been sustained by plaintiff as a result of the negligent operation by defendant of an automobile which he was driving. As counsel for respondent correctly states: “The sole question before this court is whether or not service can be effected under Sec. 404 of the California Vehicle Code, St. 1935, p. 154, where the defendant, a non-resident of California, was (1) a minor at the time of the collision, and (2) without the United States at the time service was attempted.”
The requirements of that section of the Vehicle Code appear to have been fully complied with by personal service on the defendant at Quebec, Canada, by a fully qualified officer. Nevertheless, defendant's motion to quash upon the ground that the service made did not comply with section 404 (e) of the Code was granted by the lower court.
Respondent urges in support of the ruling of that court that the service having been made outside the territorial boundaries of the United States was void. In support of this position defendant’s counsel cite the New York case of Scott v. Dickerson, 169 Misc. 1047 [8 N. Y. Supp. (2d) 656, 657]. That case obviously is not in point. The statute there involved provided for service on the nonresident by an attorney ‘ ‘ qualified to practice in the state ’ ’ where such service was made. Hence the New York court held in effect that by clear implication service in a foreign jurisdiction was not authorized under the language of the statute. Our Vehicle Code provides, it will be noted, for service “in the State or jurisdiction where the defendant is found.”
Respondent also contends in support of the ruling of the lower court that service on a nonresident motorist under the section involved is invalid when the defendant is a minor. In support of this contention respondent cites section 33 of the California Civil Code. That section provides that a minor cannot give a delegation of power. In answer to respondent’s contention appellant cites the New York case of Gesell v. Wells, 229 App. Div. 11 [240 N. Y. Supp. 628, 631], which was affirmed by the Court of Appeals, 254 N. Y. 604 [173 N. E. 885]. The New York Supreme Court held that the provision for service on a nonresident was enacted under *Supp. 853 the police power of the state and that the provision was one reasonably calculated to promote care and accountability on the part of all who used the highways of that state for the operation of dangerous machines, such as motor vehicles. As the court further said:
1 ‘ Surely they are not less dangerous in the hands of minors. It is inconceivable that there should have been any legislative intent to exclude minors. But it is urged that the statute in question is based upon an implied agreement which, in the case of an infant, may be repudiated at his election. It would be strange if a police regulation of the state could be thus evaded.”
Respondent attempts to distinguish this case on the ground that in New York a minor’s delegation of power is voidable, whereas in California it is void. It is true that such is the general rule in this state when the minor himself attempts to delegate power as by the appointment of an attorney in fact. But the situation here presented does not involve a voluntary appointment by a minor. The law has made the appointment and the defendant by using the highways of the state has, under the express terms of subdivision (b) of section 404 of the Vehicle Code, signified his acquiescence in such appointment. Surely the minor may not thereafter be permitted to deny the validity of the appointment. It would be as reasonable to contend that when a court appointed a guardian ad litem for a minor when he was sued the minor could thereafter repudiate the appointment.
The order of the lower court is reversed.
Griffin, P. J., and Foley, J., concurred.