## LULEVITCH v. HILL.
### Civil Action No. 9041.

United States District Court
E. D. Pennsylvania.
Feb. 11, 1949.

Becker & Matkoff, of Phildelphia, Pa., for plaintiff.

Frank R. Ambler and Howard R. Detweiler, both of Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This case involves the construction of the Pennsylvania statute providing for

---

substituted service upon nonresident motorists, Act of May 14, 1929, P.L. 1721, 75 P.S. § 1201 et seq. That Act provides, inter alia, that:

"* * * any *nonresident* of this Commonwealth, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this Commonwealth to nonresident operators and owners of operating a motor vehicle, or of having the same operated, within the Commonwealth of Pennsylvania * * * shall, by such acceptance * * * and by the operation of such motor vehicle within the commonwealth * * .*, make * * * the Secretary of Revenue of the Commonwealth * * * his * * * agent for the service of process in any civil suit or proceeding instituted in the courts of the Commonwealth of Pennsylvania against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision occurring within the Commonwealth in which such motor vehicle is involved." (Emphasis supplied.)

Pennsylvania's Rules of Civil Procedure have changed certain sections of the Act in matters not relevant to the issues raised by the instant motion. Cf. Rule 2079, 12 P.S.Appendix. Service in the instant case has been made, in accordance with the provisions of the Act, upon defendant, who is a citizen and resident of the Dominion of Canada. Defendant has moved to dismiss, arguing that the Act does not apply to a nonresident who is not a citizen of the United States. These are the bare facts relevant to the only issue raised by this motion.

It is plaintiff's contention, of course, that the Act applies to any nonresident, not merely those who are citizens of another state in the United States. There do not seem to be any Pennsylvania decisions on point, but the wording of parts of the State Motor Vehicle Code support plaintiff's position. Thus, Article 1 of the Act of May 1, 1929, P.L. 905, 75 P.S. § 2, enacted two weeks before the nonresident motorist act, defined nonresident as:

"Any resident of any State or *country* who has no regular place of abode or business in this Commonwealth for a period of more than thirty (30) consecutive days * * *." (Emphasis supplied.)

That definition has since been reworded, but in a way that, if anything, increases its scope. The section now reads, 75 P.S. § 2:

" 'Nonresident.'—Any person not a resident of this Commonwealth."

Similarly, Article 6 of the same Act of May 1, 1929, provided that:

"A nonresident who has been duly licensed as an operator under a law requiring the licensing of operators in his home state or *country*, and who has in his immediate possession a valid operator's license issued to him in his home state or *country*, shall be permitted, without examination * * * to operate a motor vehicle upon the highways of this Commonwealth, for the same time and to the same extent as like exemptions are granted residents of this Commonwealth under the laws of the foreign state or *country*." (Emphasis supplied.) 75 P. § 163(a).

Therefore, in the absence of anything in the nonresident motorist act, or in the decisions construing it, indicating a contrary view, I would feel compelled to accept plaintiff's construction of the applicable state law even if I disagreed with its wisdom. Cf. Rule 4, Rules of Procedure for the United States District Courts; Sussan v. Strasser, D.C., 36 F.Supp. 266; Lambert v. Doyle, D.C., 70 F.Supp. 990. However, I feel, in addition, that plaintiff's position is the preferable one. Thus, a student of the subject has pointed out:

"None of the statutes single out foreigners as such, but residents of foreign countries fall within the general class of nonresident motorists, and policy favors jurisdiction over them; they are just as capable of the injury sought to be ameliorated as are residents of one of the United States."

See Culp, Process in Actions Against Non-resident Motorists, 32 Mich.Law Rev. 325, 346. Cf. also Silver Swan Corp. v. Adams, 110 P.2d 1097; Hand v. Frazer, 139 Misc. 446, 248 N.Y.S. 557, affirmed Hand v. Fraser, 233 App.Div. 800, 250

N.Y.S. 947; but cf. Scott v. Dickerson, 169 Misc. 1047, 8 N.Y.S.2d 656.

Therefore, I shall deny defendant's motion to dismiss and an order will be entered in accordance with this opinion.