**B. D. CULVER, Plaintiff,**

v.

**Cecil Monroe TUCKER and Monroe Saxton Tucker, Defendants.**

**Civ. A. No. 482.**

United States District Court
N. D. Florida,
Marianna Division.

March 21, 1960.

Marvin A. Urquhart, Jr., Davenport & Johnston, Panama City, Fla., for plaintiff.

Leo C. Jones, III, Isler, Welch & Jones, Panama City, Fla., James Garrett, Rushton, Stakely & Johnston, Montgomery, Ala., for defendants.

CARSWELL, Chief Judge.

Defendants moved to dismiss complaint in this tort action on the following grounds:

■ (1) The defendant-father contends that the complaint does not set forth sufficient facts to make the alleged owner, father of the alleged operator, amenable to the provisions of F.S.A. § 47.29[1] for service as a nonresident, in that the complaint specifically fails to allege that the subject vehicle was at the time of the accident in Florida being operated by and with the knowledge, acquiescence and consent, or under the direction and control of said owner. The defendant contends that the provisions of this statute, being in derogation of the common law, must be strictly construed and that the omission of such language in the complaint is fatal to successful service under the statute. To this plaintiff points to the provisions of F.S.A. § 51.12[2] which, in effect, estab-

1. F.S.A. § 47.29(1) "Any nonresident of this state, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having the same operated, or permitting any motor vehicle owned, or leased, or controlled by them to be operated with their knowledge, permission, acquiescence or consent, within the state, or any resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle, either in person, or by or through his, her, or its servants, agent, or employee, or by person with his, her or its knowledge, acquiescence and consent, within the state make and constitute the secretary of state, his, her, its or their agent for the service of process in any civil suit or proceeding instituted in the courts of the state against such operator or owner, lessee or other person entitled to control of such motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which such motor vehicle is involved."

2. F.S.A. § 51.12 "In any action brought by a person for damages claimed to have been sustained by reason of the negligent operation of a motor vehicle by a person other than the owner thereof, with respect to the element of liability of such owner for any such negligence of such driver of said vehicle, it shall be sufficient in the complaint filed in such action to allege operation of said vehicle by the driver thereof and the name of the owner thereof, without the necessity of alleging the legal relationship existing between such owner and driver or any other averments of fact related to authority or consent of such owner with respect to the operation of said motor vehicle by the driver thereof. In any such action, should the owner of any such motor vehicle desire to urge as a defense therein a denial of liability for the alleged negligent acts of any such driver in the latter's operation of said vehicle, such defense shall be set forth in the answer, particularly alleging the facts upon which said owner relies for his denial of liability for such acts of said driver. Upon trial of any such action, the plaintiff therein, with respect to the element of liability of said owner for such acts of said driver, shall be required only to prove by competent evidence the ownership of said vehicle and the driver thereof at the time of the alleged negligent operation of the same,

lishes a substantive rule of law in Florida, recognized by Federal Courts (Mark v. City of Ormond Beach, D.C.S.D.Fla., 113 F.Supp. 504). By virtue of this statute it is clear that plaintiff need not allege the legal relationship between alleged owner and alleged operator in order to state a cause of action. Plaintiff contends, and the Court agrees, that the provisions of F.S.A. § 51.12, being substantive, are not only applicable to the sufficiency of the complaint, per se, but are also applicable in consideration of the provisions of F.S.A. § 47.29 with reference to service. To hold otherwise would impose a separate and distinct standard of pleading in the State and Federal systems and would require a most rigid and technical interpretation of one statute while completely ignoring the provisions of another. By this ruling, the alleged owner here is not being denied any substantive right to establish the non-existence of legal relationship with the alleged operator. As a nonresident, through service under the provisions of F.S.A. § 47.29 of a copy of complaint admittedly setting forth a cause of action, he thereby falls under the jurisdiction of this Court, particularly in view of the fact that defendants have taken every proper step to remove this cause to this Court.

■ (2) Defendant also moves to dismiss as to the alleged operator of the vehicle. He contends, and the record by deposition shows, that the alleged operator was a minor at the time of the accident. Defendant says, therefore, that the provisions of F.S.A. § 47.23 [3] must be strictly complied with before service can be perfected upon him as a minor. This statute sets up certain specific things which must be done, such as personal service of the complaint, together with an oral reading, or requiring delivery of a copy upon his guardian, etc. Although no case has been cited directly in point it is clear that the Florida Courts have had occasion to consider a very analogous problem in Goodrich v. Thompson, 96 Fla. 327, 118 So. 60. The Florida Supreme Court made it plain that the provisions of the Florida Statutes with reference to service by publication were broad and all inclusive and specifically made such statute applicable to minors without the necessity of resort to the provisions of F.S.A. § 47.23. The language of the subject statute here, the service on nonresident, is likewise very general in its terms, and the Court can see no valid reason for adopting contrary rule to the Florida Court on publication statute and thereby require the specialized procedure contended for by defendants here. See also Silver Swan Liquor Corp. v. Adams, 43 Cal.App.2d Supp. 851, 110 P.2d 1097.

For these reasons, then, the motion of defendants to dismiss on each of the grounds is denied by order this date.

to establish a presumption of liability of said owner for any such negligent acts of said driver in his operation of such vehicle, said presumption being subject to rebuttal by said owner by competent evidence within the limits of the facts set forth in the answer."

3. F.S.A. § 47.23 "The courts of this state shall obtain jurisdiction of minors when the original writ of subpoena in chancery or summons in common law actions, as the case may be, is served by reading the writ or summons to be served to the minor to be served and also to the guardian or other person in whose care or custody such minor may be, or by a delivery of a copy thereof to such minor and to his guardian or other person in whose care or custody such minor may be, and by further serving the writ or summons upon the guardian ad litem thereafter appointed by the court to represent said minor; provided, that service of process on the guardian ad litem may be dispensed with where such guardian ad litem voluntarily appears in any proceeding in which he may have been appointed to act as guardian ad litem for any minor."