William G. Easton, J.
This is a motion by the defendant infant, Ronald E. Bean, to dismiss the action as against him, pursuant to CPLR 309, on the ground that the court does not have jurisdiction over the said defendant infant.
This is a negligence case arising out of an accident involving an automobile operated by the said defendant infant, Ronald E. Bean, within the State of New York. After the happening of the accident the said infant defendant moved to and became *1044 a resident of the State of New Jersey. The summons and complaint was served upon the said infant defendant in the State of New Jersey pursuant to the provisions of sections 253 and 254 of the Vehicle and Traffic Law and also pursuant to a Supreme Court order authorizing said service in that manner.
Said infant defendant maintains that the court obtained no jurisdiction over him through such procedure and alleges that CPLB 309 makes it mandatory, without exception, that personal service upon an infant must be made within the State.
CPLB 309 (subd. [a]) reads as follows: “Personal service upon an infant or incompetent, (a) Upon an infant. Personal service upon an infant shall be made by personally serving the summons within the state upon a parent or any guardian, or, if there be none within the state, upon the person having the care and control of him, or with whom he resides, or by whom he is employed. If the infant is of the age of fourteen years or over, the summons shall also be personally served upon him within the state.”
In opposing the motion the plaintiff’s attorneys cite the case of Gesell v. Wells (134 Misc. 331, mod. 229 App. Div. 11, affd. 254 N. Y. 604 [1930]). That case involved an action to recover for personal injuries arising out of a collision in the State of New York between plaintiff’s truck and an automobile operated by the infant defendant Wells, who was a resident of the State of Wisconsin. Service was obtained on the infant defendant out of the State by compliance with section 285-a of the Highway Law (subsequently section 252 of the Vehicle and Traffic Law and now recodified and covered by section 253 and section 254 of the Vehicle and Traffic Law). The infant defendant appeared specially and moved to vacate the service of the summons upon him on the ground that he was an infant and not subject to the provisions of the Highway Law and Vehicle and Traffic Law pertaining to service upon nonresidents to recover for personal injuries occasioned by the operation of a motor vehicle within the State. In the Court of Appeals the following questions were certified and answered, as follows:
1. Were the agreement and appointment made by the infant defendant, Jeffrey Wells, by virtue of the provisions of section 285-a of the Highioay Law, in effect on August 1, 1928, when he operated a car as a nonresident in the State of New York, capable of being disaffirmed by him on account of his infancy? A. Negative.
*1045 2. Has tlie court the jurisdiction of the person of the infant, Jeffrey Wells, as a defendant in this action by the attempted service of a summons upon him under section 285-a of the Highway Law, in effect on August 1, 1928? A. Affirmative.
In the ease at bar the attorney for said infant defendant seeks to escape the holding of this Court of Appeals decision by arguing that the certified questions specifically limited the decision of the Court of Appeals without mentioning the provisions of section 225 of the Civil Practice Act (now CPLR 309). However, the unanimous opinion of the Appellate Division is very strong and of a general nature. It further appears that both upon the appeal to the Appellate Division (see Record on Appeal) and on the appeal to the Court of Appeals (see Record on Appeal) the protection of section 225 of the Civil Practice Act was specifically urged on behalf of the infant defendant by the citation of the case of Jacobson v. Krekell (223 App. Div. 440). The appellant’s brief (p. 19) made the statement “ The protection thrown around infancy is too secure to be dislodged by a mere implication from a statute not even mentioning infancy.” So it does appear that in both the Appellate Division and the Court of Appeals in Gesell v. Wells (supra), the provisions of section 225 of the Civil Practice Act (now CPLR 309) were urged upon the courts as controlling to prevent the service of a summons on an infant outside the State of New York. By their decisions both courts rejected this contention without even mentioning it in the decisions. The Appellate Division said at page 13: 11 It is an exercise of the police power of the State, reasonably calculated to promote care and accountability on the part of all who use its highways for the operation of dangerous machines such as are motor vehicles * * * Surely they are not less dangerous in the hands of minors. It is inconceivable that there should have been any legislative intent to exclude minors.”
And, on pages 14-15, the court said: “It is an obligation imposed by the sovereign power of the State upon the act of coming into the State and using the State’s highway. The obligation then becomes complete and binding because the statute so declares it. Its command and obligation cannot be evaded, disaffirmed or repudiated because of infancy. * * * Any non-resident infant old enough to operate a motor vehicle is presumably capable of the ‘ intentional and intelligent act ’ of voluntary acceptance of the benefit of using our highways upon the condition named in the statute. He comes fairly within the scope of a statute affording a convenient method of obtaining a *1046 personal judgment against all, residents and non-residents alike, who use our highways; and the provision of the statute is all inclusive.”
Since the decision in Gesell v. Wells (supra), other so-called “long-arm” statutes have been enacted by the State of New York (see CPLR 302 and 313) none of which differentiate between their application to an adult or a minor, and it is significant to observe that the 1964 Commentary to CPLR 309 reads as follows: “The provisions of this section requiring service upon infants and incompetents to be made ‘ within the state ’ must be read in conjunction with CPLR 313. Just as the customary mode of personal service upon a natural person shall be delivery within the state (CPLR 308), but service may be made without the state in the cases specified in CPLR 313, so too, the first method of serving an infant or incompetent is service within New York (CPLR 309), but service may be made outside New York where the person to be served is one of those persons specified in CPLR 313 ”.
CPLR 302 (referred to and covered by CPLR 313) provides in part that a court may exercise personal jurisdiction over any nondomiciliary as to a cause of action arising from the commission of a tortious act within the State. Also, Yol. I of Weinstein-Korn-Miller on New York Civil Practice, in paragraph 309.08 makes the following observation: “ Neither the parent nor guardian nor the infant need be served within the state if there is a basis of jurisdiction permitting service outside the state under CPLR 313 or 314 ”.
It is the opinion of this court that CPLR 309 is essentially procedural only and must give way to other specific statutory provisions for out-of-State service upon nonresident infants. The motion is denied, with costs.