[Civ. No. 1554.　Second Appellate District.—June 11, 1915.]

EARL ADAMS, Respondent, v. T. WIESENDANGER, Appellant.

Negligence—Action for Damages—Collision of Automobile With Pedestrian—Liability of Owner—Status of Chauffeur at Time of Accident—Evidence—Instructions as to Machine.—Where, in an action against the owner of an automobile for damages for personal injuries sustained by a pedestrian by being run into by the machine, the main question for the jury to decide is whether or not the chauffeur who had charge of the automobile at the time of the accident was then acting within the scope of his employment, it is prejudicial error to refuse to permit the servant of the defendant, whose authority to speak for his master had been fully established by evidence previously heard in the case, to state what instructions he gave the chauffeur as to what to do with the machine upon the happening of an injury thereto at another place a short time before the accident in question.

Id.—Performance of Duty at Time of Accident—Prejudicial Instruction.—An instruction to the jury in such an action that ''the test as to whether a person is acting within the scope of his employment or not at the time of an accident, and as to whether or

not he is the agent of the principal, 'is whether or not he was fur-
thering his master's business or doing that which he was employed
to do, with or without orders; and you are, therefore, instructed
that if you shall believe that at the time of the accident the chauf-
feur was performing a duty which he was employed to perform, and
that he was furthering his master's business, which he was, then he
was acting within the scope of his employment and the defendant
would be bound thereby," is prejudicially erroneous, as the instruc-
tion took away from the jury the decision of the question as to
whether the chauffeur was acting within the scope of his employ-
ment at the time of the accident.

APPEAL from a judgment of the Superior Court of the
County of Los Angeles and from an order denying a new
trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

R. L. Horton, for Appellant.

E. B. Drake, for Respondent.

JAMES, J.—Plaintiff was awarded judgment for damages
for personal injuries which were alleged to have been sus-
tained by reason of an automobile belonging to the defend-
ant having collided with the person of the plaintiff. The
appeal is from the judgment and from an order denying a
motion for a new trial.

It was admitted at the trial that the automobile, the opera-
tion of which caused plaintiff's damage, was owned by the
defendant, and in the bill of exceptions it is stated that there
was evidence to show that the automobile was being negli-
gently operated at the time of the accident. The undisputed
evidence showed further that the chauffeur in charge of the
automobile at the time of the accident was under monthly
employment with the defendant. The chief dispute was as to
whether at the time the accident occurred the chauffeur was
performing any of the duties of his employment or acting
within the scope thereof. The defendant testified that the
day of the accident was a holiday and that on the night pre-
ceding he had been out with the car and that when he was
brought in by the chauffeur he gave the latter direction that,
as the next day was a public holiday, the chauffeur was not
to work, but that he was to then take the car to the garage

and leave it there and spend the next day as he pleased; that he, the defendant, had no knowledge of the car having been removed from the garage on the day of the accident until several hours after plaintiff had been injured. Defendant further testified as to the general instructions which he had given the chauffeur, which were that he was in no case to use the car for his own purposes, but was always to return it to the garage at a certain apartment house owned by defendant and deliver the key of the garage to the manager of the apartment house, who was an employee also of the defendant and had supervisory authority over all employees about the premises. He further testified that there were two entrances to the garage; one a very steep and unsafe one leading onto 8th Street in the city of Los Angeles, and another and better one leading onto 7th Street; that he instructed the chauffeur not to use the 8th Street entrance, but to always come in and go out by way of 7th Street; that he did this because the 7th Street entrance not only was safer, but because also the chauffeur could always be observed when he came in or went out by that entrance by the manager of the apartment house. The evidence showed that the chauffeur did return on the holiday and took the machine out of the garage, stating that he did so for the purpose of washing it. In doing so he drove the machine into a pit on the premises and injured it. With the assistance of the manager of the apartment house and the gardener, one Dawson, the car was lifted out of the pit. The manager of the hotel was not allowed to state, upon objection being made, as to what instructions he gave the chauffeur after the machine had been lifted out of the hole, although his authority to speak for his master, this defendant, had been fully established by evidence previously heard in the case. Dawson, the gardener, did testify that he heard the manager tell the chauffeur to put the machine in the garage and leave it there, but this testimony was stricken out upon motion. At the time of the latter ruling the authority of the manager to speak for the defendant had not been established, and the objection to that testimony as made at that time was properly sustained. However, the court erred in not allowing the servant who had direct supervision over the chauffeur to tell what instructions he gave him immediately after the car was taken from the pit. Dawson further testified that after the car had been righted the dam-

age was shown to consist of a splitting of the rear part of the body of the car and the bending of the fenders. He testified that he had remarked to the chauffeur that his work was worth a drink and the chauffeur had told him to get in and they would go and get one. The chauffeur then drove the car out through the 8th Street entrance, the forbidden one, and proceeded down 8th Street to Hill Street, when he turned south. The gardener noting that they were proceeding away from the saloon zone, spoke to the chauffeur and the chauffeur responded that he was going to get the machine repaired and they would get their drink then. They proceeded down Hill Street and at the intersection of this street with 11th Street, the plaintiff, while attempting to board a trolley-car, was run into by the automobile and injured. Dawson testified that the chauffeur then proceeded rapidly on his way and by a circuitous route returned the machine to defendant's garage, entering through the 8th Street entrance. It appeared in the evidence that the chauffeur immediately left the premises, and so far as known, left the city and was not thereafter seen by the defendant or his employees. The defendant gave further testimony to the effect that he had instructed his chauffeur and also the manager at the apartment house that he, the defendant, was always to indicate the place where any repairs that were necessary should be made upon the automobile.

We agree with the respondent; 1. That the question of the defendant's liability for the acts of the chauffeur which resulted in plaintiff's damage, is determined when a satisfactory conclusion is reached as to whether at the time in question the servant was acting within the scope of his employment; whether the acts which he was performing were expressly or impliedly authorized by his contract of employment. We agree further that where the servant acts within the general scope of his authority, notwithstanding the fact that he may be disregarding directions of the employer at the time, the employer may be held liable. (1 Shearman and Redfield on Negligence, 5th ed., sec. 145, et seq.) And we agree, too, with respondent's contention that under the evidence in this case the question as to whether the servant was acting within the general scope of his authority so as to bind his employer, became a question for the jury to decide. In order to fully illustrate the situation as to the chauffeur's employment,

27 Cal. App.—38

however, it was proper and the court should have allowed Phillips, the apartment-house manager, to testify as to the specific directions which he gave the chauffeur after the machine had been lifted from its dangerous position in the pit on the morning of the accident. This testimony might have thrown some light upon the main question which it was the jury's province to decide.

A more serious error was committed by the trial judge in the giving of the instructions. Respondent's counsel concedes that the facts were such as to make the case one for the jury to decide upon the question of whether the chauffeur at the time of the accident was performing any act within the scope of his agency or employment. However, the trial judge by his instruction took away from the jury that question when he advised the jury as follows: "The test as to whether a person is acting within the scope of his employment or not at the time of an accident, and as to whether or not he is the agent of the principal, is whether or not he was furthering his master's business or doing that which he was employed to do, with or without orders; and you are, therefore, instructed that if you shall believe that at the time of the accident the chauffeur, Morse, was performing a duty which he was employed to perform, and that he was furthering his master's business, which he was,—then he was acting within the scope of his employment and the defendant would be bound thereby." Under this instruction there was little left for the jury to do except to fix the amount of damages.

These errors appear to be the most vital ones urged on the part of appellant and are such as to require that a new trial be granted in this case.

The judgment and order are, therefore, reversed.

Conrey, P. J., and Shaw, J., concurred.