[Civ. No. 1725. Second Appellate District.—March 17, 1916.]

GEO. J. HOUSE et al., Copartners, Appellants, v. WILL-IAM C. FRY et al., Respondents.

NEGLIGENCE—DAMAGE TO MOTOR TRUCK—COLLISION WITH AUTOMOBILE—EVIDENCE—PROXIMATE CAUSE OF INJURY.—In this action for damages to a motor truck from a collision with an automobile driven by one of the defendants, while the latter was attempting to pass the former upon a city street, it is held, under the evidence, that the proximate and effective cause of the collision was the violation by the defendant of the provision of the street ordinance requiring the driver of any vehicle, in overtaking and passing any other vehicle, to pass to the left, and not to drive to the right until clear of such vehicle, and not the violation by the plaintiff of the provision of the ordinance requiring the driver of any vehicle to keep as close to the right-hand curb as possible on all occasions.

ID.—LIABILITY OF MINOR FOR TORT.—A minor is civilly liable for a wrong done by him.

ID.—NEGLIGENCE OF CHAUFFEUR—LIABILITY OF OWNER.—The owner of the automobile is liable for the negligence of the chauffeur, notwithstanding the latter was, at the time of such collision, driving the car in violation of instructions of the owner to wait for further orders before proceeding on the trip, where it appears that such driver was, at such time, on his way to a telephone to obtain such instructions.

ID.—MASTER AND SERVANT—DISREGARD OF INSTRUCTIONS—WHEN MASTER LIABLE.—Where the servant acts within the general scope of his authority, notwithstanding the fact that he may be disregarding the directions of the employer, the latter may be held liable.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge presiding.

The facts are stated in the opinion of the court.

Earle M. Daniels, and Julius V. Patrosso, for Appellants.

Hanson, Hackler & Heath, for Respondents.

CONREY, P. J.—On February 21, 1914, Lester House, one of the plaintiffs, was driving a motor truck easterly on Sunset Boulevard in the city of Los Angeles. The defendant Lawrence Fry, at the same time was driving an automobile, the property of the defendant William C. Fry, easterly on the same street, in the rear of the truck. While endeavoring to pass the truck the automobile, when it came to the place where it was even with the truck, was two or three feet distant from the truck and was moving at the rate of more than twenty miles per hour and the truck was moving at the rate of eighteen miles per hour. Fry did not blow the horn, or give any other warning of his approach, and in passing the truck did not give any signal indicating his intention to change the course of the automobile, and House did not know that the automobile was there until the two vehicles were even with each other, traveling side by side. Thereupon Fry turned toward the right for the purpose of passing in front of the truck, and the right rear wheel of the automobile collided with the front left wheel of the truck. By the force of this collision the steering-rod of the truck was broken so that the driver had no further control of his machine, and it ran into the curb on the right-hand side of the road, causing further injuries to the truck. By this action the plaintiffs seek to recover damages for the injuries to the truck. From a judgment in favor of the defendants the plaintiffs appeal.

Ordinance No. 24,360 of the city of Los Angeles is an ordinance regulating the operation of vehicles upon streets. It is conceded that the accident in question occurred in a portion of the city where, under the terms of the ordinance, it is unlawful to travel in excess of twenty miles per hour. Sections 6, 8, 9 and 10 of the ordinance are as follows:

"Sec. 6. The driver of any vehicle, upon meeting any other vehicle at any place upon any street shall turn to the right, and, on all occasions, shall travel on the right-hand side of such street, and as near the right-hand curb thereof as possible. . . .

"Sec. 8. The driver of any vehicle shall, in overtaking and passing any other vehicle in or upon any street, pass to the left of such vehicle, and shall not drive to the right until clear of such vehicle, and the driver of such vehicle being so overtaken and passed shall give way to the right.

"Sec. 9. The driver of any vehicle moving slowly in, along or upon any street shall keep such vehicle as close as possible to the curb on the right, allowing more swiftly moving vehicles free passage to the left.

"Sec. 10. The driver of any vehicle, in or upon any street, shall before turning, stopping or changing the course of such vehicle, and before turning such vehicle when starting the same, first see that there is sufficient space for such movement to be made in safety, and shall then give a plainly visible or audible signal to the police officer in charge of the crossing or to the drivers of vehicles behind the vehicle so turning, stopping, changing its course or turning from a standstill, of his intention to make such movement. Such signal shall be given by raising the hand or whip and indicating with it the direction in which the turn is to be made."

Lawrence Fry is the son of William C. Fry, and at the time of this accident Lawrence was a minor aged twenty years; but the plaintiffs are not asserting any liability of defendant William C. Fry on account of the fact that the codefendant is his son. The plaintiffs do claim, however, that such liability exists upon the ground that the automobile was the property of William C. Fry, and was being driven by Lawrence Fry for the benefit and under the direction and control of William C. Fry. It is charged that the defendant, Lawrence Fry, at the time in question drove the automobile in a manner contrary to the ordinance, and in a negligent, dangerous, and highly reckless manner.

Sunset Boulevard, at the place where this accident occurred, is a street about one hundred feet wide on which is located a double-track electric street railway. At the point in question the distance from the south curb of the street to the nearest railroad track is twenty-nine feet. At the time of the accident the truck was carrying a load of one ton, the left wheels of the truck were distant two feet south from the most southerly rail of the railroad tracks, and the right wheels of the truck were distant twenty-one feet from the curb, the distance between the wheels of the truck being about six feet. There

was at that time no obstruction in front of the automobile in the direction in which these vehicles were moving, and the automobile could have continued in a straight line until it had passed entirely clear of the truck without incurring any additional danger.

The automobile was used principally for business of defendant William C. Fry, but was sometimes used by his family with his permission. William C. Fry did not know how to operate the machine, and was accustomed to have it driven for him by his son when the father needed it for business purposes. On the afternoon in question William C. Fry telephoned to his home that Lawrence should wait there for him until William C. Fry would telephone for the son to come down to the city and meet him; but instead of waiting for further orders, Lawrence started away in the automobile to go to a telephone in order to ascertain where his father was so that he could bring him home. While driving the car under these circumstances, and before receiving further orders from his father, Lawrence drove the automobile easterly on Sunset Boulevard to the place where the accident occurred. Prior to the time of this accident William C. Fry had given a general instruction to his son not to take the car out for more than "a short distance," unless William C. Fry was at home and gave him permission. With this limitation, he had not objected to his son taking the machine out for the boy's own purposes.

Inasmuch as the findings of the court are in favor of the defendants, we have made the foregoing statement of facts in part upon undisputed evidence, and, wherever the evidence was conflicting, we have stated the facts most favorably to the defendants, in accordance with the presumption which on appeal runs in favor of the findings wherever there is a substantial conflict in the evidence.

The court found that it is not true that the defendant Lawrence Fry at the time in question was driving the automobile for the benefit of the defendant William C. Fry, and under his direction and control, but, on the contrary, found that it was being driven without the knowledge or consent of William C. Fry, and contrary to his express orders and commands. The court further found that the automobile, at the time in question, was not being driven unlawfully or in a manner contrary to the ordinance, or in a negligent, dangerous, and reckless

manner; and found that the plaintiff, Lester House, at the time and place in question was not lawfully operating the motor truck and was not attempting to proceed exercising due care and reasonable caution; that the plaintiff, Lester House, was not driving his truck as close to the right-hand curb as possible, as required by the ordinance; that defendant, Lawrence Fry, in order to pass the plaintiff, was compelled to drive over and across the street-car tracks lying in the street; that the plaintiff, Lester House, saw defendant Lawrence Fry, and saw that he was endeavoring to pass the truck by driving by the plaintiff, but that House did not give way to the right as required by the ordinance; and that the said violations of the ordinance by the plaintiff, Lester House, contributed directly and proximately to cause the accident.

Appellants challenge the sufficiency of the evidence to support these findings of fact, and it becomes our duty to determine whether the evidence to which we have referred is sufficient to sustain these findings.

Section 9 of the ordinance is not applicable to this case. The truck, moving at the rate of eighteen miles per hour, could not be said to be traveling "slowly," since the limit of lawful speed under that ordinance, at the place of the accident, is twenty miles. The truck was being operated in violation of section 6, in that it was not kept reasonably near to the right-hand curb. But the fact that the automobile had passed to the left of the truck, with ample space between them, and had a free way open before it, compels the conclusion that the negligence of House, in traveling farther from the curb than he should have done, was not a direct and proximate cause of the collision. Therefore the defense of contributory negligence, pleaded by the defendants in their answer, is not sustained by the evidence.

The defendant, Lawrence Fry, was guilty of negligence, and violated the requirements of section 8, in that he drove to the right, while endeavoring to pass in front of the truck, before his automobile was clear of the truck; and his negligence was the proximate and sole effective cause of the collision. No warning having been given to House of the approach of the automobile, he did not learn of its presence until it was too late for him to avoid the collision by turning to the right (which under section 8 would have been his duty), and his failure to turn to the right was not, under the circum-

stances, negligence causing or contributing to the occurrence of the collision. It follows that the plaintiffs were entitled to judgment against the defendant Lawrence Fry. "A minor . . . is civilly liable for a wrong done by him. . . . " (Civ. Code, sec. 41.)

The court's finding that the automobile was being driven without the knowledge of William C. Fry, and contrary to his express order, is sustained by the evidence. He had sent a telephone instruction, which was communicated to his son, to wait at home for further orders, and this instruction was disobeyed. But it also appears, without conflict, that the trip was being made for a purpose within the general scope of the authority of Lawrence Fry as chauffeur for his codefendant, and for the purpose of finding William C. Fry to bring him home, as was customary with them. "Where the servant acts within the general scope of his authority, notwithstanding the fact that he may be disregarding directions of the employer, the employer may be held liable. (1 Shearman and Redfield on Negligence, 5th ed., sec. 145 et seq.)" (*Adams* v. *Weisendanger*, 27 Cal. App. 590, [150 Pac. 1016].) On the facts of this case, the plaintiffs were entitled to recover against both defendants.

The judgment is reversed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on April 14, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 15, 1916.