[Civ. No. 6811. First Appellate District, Division Two.—June 7, 1929.]

ADA McFARLAND, Appellant, v. MARIA C. CORDIERO, Respondent.

Wallace L. Ware, Bryce Swartfager and Thomas M. Brownscombe for Appellant.

Barry J. Colding and Theodore Hale for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover damages for injuries sustained in an automobile collision. Thereafter she filed a first amended complaint. To that pleading the defendant interposed a demurrer. The demurrer was sustained. Plaintiff failed to amend and judgment was entered in favor of the defendant. The plaintiff has appealed and has brought up the judgment-roll.

The appeal presents the single question as to whether or not the plaintiff's action, at least in part, is barred by the statute of limitations. In her amended complaint the plaintiff alleged that on the seventh day of August, 1926, John Cordiero, the minor son of the defendant, operated the automobile in which he was riding in a careless and negligent manner causing his car to collide with a Studebaker automobile and thereby caused said Studebaker automobile to swerve and crash into plaintiff's automobile; and that plaintiff suffered bodily injuries to her damage in the sum of $10,000. The pleading continues and sets forth that plaintiff's car was greatly injured and that she suffered a property loss in the further sum of $475. It is alleged that the said John Cordiero held an operator's license issued by the division of motor vehicles which license was issued pursuant to an application in writing and that the application was signed by the defendant who,

as above stated, was the mother of John and at said time had the custody of said minor.

The first ten paragraphs of the complaint contain the ordinary allegations in such an action and plead the plaintiff's bodily injury and damages. The remaining two paragraphs plead damage to property and then follows the prayer, verification, etc. The defendant's demurrer was addressed to the first amended complaint. It pleaded that the complaint did not state facts sufficient; that two causes of action are alleged and not separately stated; and "that said cause of action as set forth in paragraph I to X inclusive of said complaint is barred by the provisions of section 340 (subd. 3) of the Code of Civil Procedure of the State of California." On February 17, 1928, the trial court made an order, "This matter having been heretofore submitted it is by the court ordered that the demurrer be sustained on the ground that the action is barred by the statute of limitations." The record discloses no other filings, minutes or orders until March 26, 1928. On that date the judgment was filed. That document is worded as follows: "An order having been entered in this action on the 17th day of February, 1928, sustaining the demurrer to the complaint herein on the ground that said action is barred by the statute of limitations and leave to amend not having been given and plaintiff having been regularly served with a copy of said order, now, therefore, it is ordered and adjudged, that the complaint herein be, and the same is hereby dismissed and that the defendant have and recover her costs of said plaintiff."

Subdivision 3 of section 340 of the Code of Civil Procedure is the statute prescribing one year as applicable to actions for personal injury caused by the neglect of another. Both parties concede said statute would be applicable if the action were against John Cordiero; however, as to his mother, the signer of the application, the plaintiff contends that subdivision 1 of section 338 of the Code of Civil Procedure is the controlling statute because it prescribes three years as the statute of limitations applicable to an action upon a liability created by statute, and therefore it is the statute applicable to the facts. In making this contention we think the plaintiff is in error. Commencing with the amendment in 1905, an action for personal

injuries caused by the neglect of another is barred in one year. If the act of neglect was the act of a minor, as the law formerly stood the parents would not be liable. (*Spence* v. *Fisher*, 184 Cal. 209 [14 A. L. R. 1083, 193 Pac. 255].) That rule has been qualified by statute commencing with the amendment of 1917 Statutes, page 408. In no one of the amendments has the legislature said or attempted to say that the parents are liable for the torts of a minor child. However, the legislature has made the general requirement that all operators and chauffeurs must obtain licenses; that to obtain a license a written application must be made; what the contents of the application must be; and, if the application is by a minor, the application "shall not be granted unless such application is signed by . . . the parent . . . having the custody of such minor." Continuing the statute provides: "Any negligence of a minor so licensed in driving a motor vehicle upon a public highway shall be imputed to the person or persons who shall have signed the application of such minor for such license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence." (1 Deering's Gen. Laws, p. 1867.) In other words, by signing the application the person signing assumes the responsibility by his act of signing and not by reason of the imposition of the statute. The primary liability for acts of negligence rests on the operator of the automobile whether he is a minor or adult. The statute of limitations applicable to him is section 340 of the Code of Civil Procedure, subdivision 3. If the operator is a minor and his parent is willing that he should operate an automobile and desires that he should receive a license authorizing him to do so, then and in that event the parent may sign the application and in doing so he places himself in the same position and under the same statute of limitations as the operator. The parent's liability is not, in principle, different from that of a bondsman. In the case of *County of Sonoma* v. *Hall*, 132 Cal. 589 [62 Pac. 257, 65 Pac. 12, 459], a question closely allied was under consideration. Hall was the recorder of Sonoma County. He collected, or should have collected, certain fees prescribed by the statute and should have turned those fees into the county treasury.

He did not do so. The plaintiff sued him on his official bond. The defendants pleaded the statute of limitations. (Code Civ. Proc., sec. 338, subd. 1.) The court held the defendants pleaded the proper statute; that the liability of Hall, the principal, was created by statute, and that the liability of the other defendants was the liability of the principal.

On appeal, for the first time, the plaintiff claims that in any event the form of the judgment was incorrect. We think that point is well founded. The complaint charged a cause of action as for personal injury and also a cause of action as for injury to personal property. The demurrer was in legal effect as though it had been worded "that the cause of action for personal injury pleaded in said complaint is barred," etc. It was so understood by both counsel and the trial court. The order sustaining the demurrer was in accordance with that understanding, but the judgment was not in accordance with the order. If the form of the judgment had followed the form of the order the plaintiff would still be entitled to a hearing on the cause of action as for injury to her automobile.

The judgment will be modified to read as follows: "An order having been entered in this action on the 17th day of February, 1928, sustaining the demurrer to the cause of action for personal injuries set forth in the complaint herein on the ground that said action is barred by the statute of limitations, and leave to amend not having been given, and plaintiff having been regularly served with a copy of said order, now, therefore, it is ordered and adjudged, that the cause of action for personal injuries set forth in the complaint herein be and the same is hereby dismissed." Nothing should have been said regarding costs because perchance, the plaintiff may hereafter be awarded costs.

The judgment will be modified as above indicated. As so modified the judgment is affirmed. Neither party will recover costs on this appeal.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 28, 1929, and a petition

by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 5, 1929.

All the Justices present concurred.