[Civ. No. 9644. First Appellate District, Division Two.—June 10, 1935.]

PASQUALI FRANCESCHI, Appellant, v. T. C. SCOTT et al., Respondents.

Faulkner, Doyle & Sanford and Henry G. Sanford for Appellant.

Cooley, Crowley & Supple for Respondents.

NOURSE, P. J.—On February 24, 1934, plaintiff filed his complaint for damages for injuries incurred in an automobile collision on September 15, 1932. Gertrude Scott was sued in her sole capacity as owner of the car involved in the collision which was operated at the time by T. C. Scott with her permission. Her demurrer on the ground that the action was barred by section 340 of the Code of Civil Procedure was sustained and the appeal is from the judgment of dismissal which followed that order.

Subdivision 3 of section 340 of the Code of Civil Procedure limits to one year the commencement of all actions for damages "for the injury to . . . one caused by the wrong-

ful act or neglect of another''. Subdivision 1 of section 338 of the Code of Civil Procedure limits to three years all actions ''upon a liability created by statute''. Section 1714¼ of the Civil Code imputes negligence to the owner of a motor vehicle where one has been injured through the negligence of another in operating the vehicle with the permission, express or implied of the owner. The sole question on this appeal is whether the cause of action is limited by the provisions of section 338 or of section 340.

The precise question was presented to us in *McFarland* v. *Cordiero,* 99 Cal. App. 352 [278 Pac. 889], relating to the liability of a parent for the negligence of a minor based upon section 62 of the California Vehicle Act. In that case we held that, when a parent signs the application of a minor to operate a motor vehicle, ''he places himself in the same position and under the same statute of limitations as the operator''. (P. 355.) In so holding we treated the section of the vehicle act as a special statute imposing a liability upon the parent or guardian where none before existed, but emphasized the fact that the parent's liability was one for *imputed negligence,* arising not because of the statute alone, but because of his signing the minor's application for a license. The same principle controls here. The owner's liability under section 1714¼ of the Civil Code is a liability for imputed negligence arising from his permission to another, express or implied, to operate the car causing the injury. The cause of action is strictly and solely one in tort for injuries arising out of the negligence of the operator; hence the cause accrues at the time of the negligent act. And no matter what form of language we use, the cause of action is one ''for the injury to . . . one caused by the wrongful act or neglect of another'' within the express terms of subdivision 3 of section 340.

This section is a special statute controlling the time within which an action covering such injuries may be commenced. The section of the Civil Code merely adds new persons who may be sued for such injuries on the basis of imputed negligence. But there is nothing in any of this legislation which would indicate an intention to impose a greater burden for imputed negligence than that which existed for actual negligence in so far as the time of suit is concerned. In accord upon the general principles discussed are *Huntly* v. *Zurich*

*Gen. A. & L. Ins. Co.,* 100 Cal. App. 201, 211 [280 Pac. 163]; *County of Sonoma* v. *Hall,* 132 Cal. 589 [62 Pac. 257, 65 Pac. 12, 459]; *Kerrison* v. *Unger,* 135 Cal. App. 607, 610 [27 Pac. (2d) 927]; *Harding* v. *Liberty Hospital Corp.,* 177 Cal. 520, 524 [171 Pac. 98].

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 8, 1935.