29455. POPE *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY.

DECIDED MAY 30, 1942.

*C. C. Crockett,* for plaintiff. *Nelson & Nelson,* for defendant.

SUTTON, J. On September 2, 1941, C. F. Pope filed a petition in the superior court of Laurens County, Georgia, alleging that on May 25, 1934, the United States Fidelity & Guaranty Company became transferee of a judgment rendered in that court on that date against the plaintiff for $2625 principal and $26.45 costs, with interest at 7 per cent. per annum, and that on May 21, 1941, it had the sheriff of the court to levy on the life estate of the plain-

tiff in certain described lands, and that the sheriff was then advertising the property for sale for the first Tuesday in September, 1941, before the county court-house; that the plaintiff in fi. fa. garnished W. H. Lovett on said judgment in Laurens superior court on June 17, 1941, and on July 29, 1941, the said Lovett answered said garnishment admitting an indebtedness to the said C. F. Pope of $622.77, which he then paid into court, and it is now held by the clerk of said court; that the plaintiff is the defendant in this execution and garnishment proceeding and is in the army of the United States and is a lieutenant-colonel in the 30th division, serving at Fort Jackson, South Carolina, and is entitled to a suspension and abatement of these proceedings under the act of Congress known as the Soldiers' and Sailors' Relief Act of 1940 while he is in military service and for the period thereafter as provided by law; that the plaintiff has been in such service for approximately one year. He prayed the benefit of the said relief act and that the proceedings be abated by order of the court.

On September 2, 1941, the judge of the superior court passed the following order, staying the proceedings for thirty days: "The within petition is granted and the proceedings stayed and abated for thirty days from this date without prejudice as to further consideration and orders of this court." After the expiration of the thirty-day period during which the proceedings were stayed, the plaintiff in fi. fa. had the land which was levied on under the execution readvertised for sale on the first Tuesday in November, 1941, and the petitioner then renewed his motion for a further stay of the proceedings under the same petition as above set out, and the United States Fidelity & Guaranty Company, the plaintiff in fi. fa., appeared and objected to a further stay of the proceedings and asked that the relief be denied and that the petition be dismissed, and filed an answer, which was sworn to, setting up certain reasons why no further relief should be granted the petitioner in this proceeding. It is stated in the bill of exceptions: "While the two cases were not consolidated, they were heard and tried together, and the court took both into consideration in reaching its judgment in each." The court passed the following order or judgment: "This motion being renewed, the same is denied, and not on account of any prior order. Costs to be taxed against movant." The applicant, C. F. Pope, excepted to that judgment.

It is contended by the plaintiff in error that he was entitled to a stay of the proceedings in question as a matter of law, under the Soldiers' and Sailors' Civil Relief Act of 1940 (Act October 17, 1940, c. 888, 54 Stat. 1178; 50 U. S. C. A. §§ 501 et seq., cumulative annual pocket part), and that the court erred in entering the judgment complained of. Section 203 of that act (50 U. S. C. A. § 523, cumulative annual pocket part) provides: "In any action or proceeding commenced in any court against a person in military service, before or during the period of such service, or within sixty days thereafter, the court may, in its discretion, on its own motion, or on application to it by such person or some person on his behalf shall, unless in the opinion of the court the ability of the defendant to comply with the judgment or order entered or sought is not materially affected by reason of his military service— (a) Stay the execution of any judgment or order entered against such person, as provided in this Act; and (b) Vacate or stay any attachment or garnishment of property, money, or debts in the hands of another, whether before or after judgment as provided in this Act." Section 204 (50 U. S. C. A. § 524, cumulative annual pocket part) provides: "Any stay of any action, proceeding, attachment, or execution, ordered by any court under the provisions of this Act may, except as otherwise provided, be ordered for the period of military service and three months thereafter or any part of such period, and subject to such terms as may be just, whether as to payment in installments of such amounts and at such times as the court may fix or otherwise. Where the person in military service is a codefendant with others the plaintiff may nevertheless by leave of court proceed against the others." Section 201 (50 U. S. C. A. § 521, cumulative annual pocket part) provides: "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The only reason or fact alleged by the applicant in the petition

for a stay of the proceedings is that "Petitioner is the defendant in this execution and garnishment proceeding and is in the army of the United States and is a lieutenant-colonel in the 30th division serving at Fort Jackson, S. C., and is entitled to a suspension and abatement of these proceedings under the act of Congress known as the Soldiers' and Sailors' Relief Act of 1940 while he is in military service and for the period thereafter as provided by law. Petitioner has been in such service for approximately one year." The petition was not verified, and no evidence was offered in support of the application for a stay and abatement of the proceedings. However, the court granted the applicant a stay of the proceedings for thirty days when the petition was filed and first presented on September 2, 1941. After the expiration of the thirty-day period, when the applicant asked for a further stay of the proceedings under the same petition, the plaintiff in fi. fa. filed a verified answer in which it was alleged, among other things, that when the petition for a stay was first presented to the court the applicant, through his counsel, represented to the court that he only desired a little time to negotiate a settlement with the plaintiff on the judgment, but that he failed to make any effort to settle the judgment; that the applicant's wife filed a purported claim to the fund involved in the garnishment, but no approved bond was filed therewith, and the claim was void; that the proceedings on the part of the applicant and his wife are not in good faith, but made for the sole purpose of stalling and delaying the plaintiff in its effort to collect a valid and conclusive judgment rendered in the superior court of Laurens County, Georgia, on May 25, 1934, against C. F. Pope, as principal, and the United States Fidelity & Guaranty Company, as surety on his bond as guardian of his niece, for an alleged defalcation of funds coming into his hands as such guardian, and that the surety company was forced to pay off said judgment of $2625 principal and took a transfer thereof; that applicant as a lieutenant-colonel in the United States army is drawing a large salary and subsistence allowances amounting to from $6000 to $7000 per year, and the prayer was that the applicant's motion be denied and no further stay of the proceedings be granted.

No brief of the evidence is mentioned or contained in the record, but the answer of the defendant in error was sworn to, and the bill of exceptions recited that the two cases were heard and tried to-

gether and the court took both into consideration in reaching its judgment. This, together with the language used in the judgment complained of, is sufficient to authorize this court to conclude that the trial judge had enough before him on which to base an opinion in passing on the application for a stay of the proceedings here involved, and that he exercised a discretion in so doing. It is to be noted that section 203 of the Soldiers' and Sailors' Civil Relief Act of 1940 (50 U. S. C. A. § 523, cumulative annual pocket part) provides, in substance, that the court may, in its discretion, on its own motion, or on application by a person in military service or some one for him, shall stay the execution of any judgment or order entered against such person, as provided in the act, unless in the opinion of the court the ability of the defendant to comply with the judgment or order entered or sought is not materially affected by reason of his military service. And section 201 of said act (50 U. S. C. A. § 521, cumulative annual pocket part), which is quoted above, provides for the stay of any action or proceeding in which a person in the military service is involved either as plaintiff or defendant, in the discretion of the court as therein provided, unless, in the opinion of the court, the ability of the plaintiff to prosecute his action or the defendant to conduct his defense is not materially affected by reason of his military service. So, it will be seen that a person in the military service is not entitled to a stay of a judgment against him as a matter of law under the provisions of the act of Congress just referred to, where in the opinion of the court passing on the matter the ability of such person to comply with the judgment is not materially affected by reason of his military service; nor is such person entitled to a stay of a proceeding against him, merely by virtue of said act, unless, in the opinion of the court passing on the question, his ability to conduct his defense is materially affected by reason of his military service. No case dealing with this act of Congress has been adjudicated by either of the appellate courts of Georgia. But in a New York case involving a mortgage foreclosure, where the benefit of this act was claimed, the court ruled: "Of course, the fact that a defendant is in military service is not a defense to the action under the Soldiers' and Sailors' Civil Relief Act of 1940, 54 U. S. Stat. at Large, p. 1178, 50 U. S. C. A. Appendix, §§ 501-585. That act by no means contemplates that persons able to meet their obligations may set up the

act in bar to prevent creditors from pursuing their remedies. It does mean that soldiers and sailors in the service who are handicapped by reason of their military service, either in making valid defenses to an action or in meeting their financial obligations, shall have the protection of the court to prevent prejudice to their rights by reason of such service." Jamaica Savings Bank *v.* Bryan, 175 Misc. 978 (25 N. Y. S. 2d, 17).

The defendant in error in the present case was endeavoring to enforce the collection of a valid and conclusive judgment against the plaintiff in error, who failed to state or show any reason for a stay or an abatement of the proceedings in question, except that he was a lieutenant-colonel in the United States army, and the record fails to show that the ability of the plaintiff in error to comply with the judgment was materially affected by reason of his military service. Under the law and the record as here presented, the court did not err in rendering the judgment complained of.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*