[Civ. No. 7023.   Third Dist.   May 24, 1944.]

ELBERT A. RIDLEY, Respondent, v. WILLIAM YOUNG, Appellant.

T. L. Chamberlain and Gerald Beatty Wallace for Appellant.

F. H. Bowers for Respondent.

THOMPSON, J.—The defendant, William Young, also known as Joseph William Young, has appealed from a judgment which was rendered against him and his codefendants jointly and severally, for property damage and personal injuries sustained by the plaintiff as the result of an automobile collision.

William Young owned the auomobile which was involved in a head-on collision with plaintiff's machine on the public highway near Roseville on the afternoon of August 3, 1941. The plaintiff's machine was demolished and he received serious injuries. The defendant Dale Hastay was then driving William Young's car with his permission. Both William

Young and Dale Hastay were minors. Each of them held an operator's license issued with the written endorsements of their parents as required by section 350 of the Vehicle Code.

The plaintiff filed a complaint against the defendants on August 19, 1941, for damages sustained as a result of their negligence. It was alleged that the defendants were the owners of the machine which was driven by Dale Hastay at the time of the accident as the agent and employee of the other defendants. Separate answers were filed by William Young and the other defendants denying the material allegations of the complaint. The cause was set for trial for February 16, 1942. After a jury was impaneled the plaintiff's attorney made his opening statement to the jury, in which he declared that he relied upon proving that Dale Hastay was driving William Young's automobile at the time of the accident as his agent and upon his business. Some evidence was then adduced in behalf of the plaintiff, but before he had rested his cause the defendant William Young moved for a nonsuit in his own behalf on the ground that he, as a minor, could not lawfully authorize an agent or employee to drive his automobile. It was contended that any attempt on the part of a minor to create a relationship of *respondeat superior* in the use of his machine was void, or at least voidable, under section 33 of the Civil Code, and that the negligence of Dale Hastay could therefore not be imputed to the owner of the car so as to render him liable for damages. Upon that theory the motion for nonsuit was granted February 17, 1942, in favor of William Young. The cause was dismissed against him. No appeal was taken from that order. The plaintiff's attorney then voluntarily dismissed the action against the other defendants, saying, ''I propose to file another action against Dale Hastay and William Young.''

March 2, 1942, more than one year after the accident occurred, the plaintiff filed a new complaint in that court against the same defendants, based on the same automobile casualty. The complaint was couched in two counts. The first count alleged that Dale Hastay was negligently driving William Young's automobile with his consent, at the time of the accident, and that said negligence was imputed to the owner of the machine and to the parents of Dale Hastay who had endorsed in writing his verified petition for an operator's

license as required by section 350 of the Vehicle Code. The second count of the complaint alleged that at the time of the accident Dale Hastay was driving the machine with the consent of the owner William Young upon a joint enterprise in which all defendants were interested.

Separate answers were filed by William Young and by Dale Hastay and the other defendants. Guardians ad litem were duly appointed to represent the minors. Each answer denied the material allegations of the complaint and alleged that the accident was the result of the contributory negligence of the plaintiff. Each answer set up the nonsuit with respect to William Young and the plaintiff's voluntary dismissal of the former action as a bar to this suit. The answer of Dale Hastay also set up the statute of limitations as a bar to the second suit, but William Young admitted that he owned the machine and that it was driven with his express consent, but failed to plead the bar of the statute of limitations.

Upon due notice as provided by section 597 of the Code of Civil Procedure the defendants Elton Hastay and Lucille Hastay moved the court to dismiss the second action on the ground that it was barred by the nonsuit and voluntary dismissal of the former cause and by the statute of limitations. That motion was fully heard and denied.

This case was then set for trial by the court for March 17, 1943. At the trial evidence was adduced in behalf of the respective parties. The cause was argued and submitted for decision. The court adopted findings to the effect that William Young owned the automobile which was driven by Dale Hastay with his permission at the time of the accident; that Dale Hastay held an operator's license at the time of the accident which was issued by the Motor Vehicle Department upon the written approval of his parents as required by section 350 of the Vehicle Code; that the collision was caused by the negligence of Dale Hastay, as a result of which plaintiff's automobile of the value of $105 was demolished and he received personal injuries entitling him to damages in the further sum of $6,738.50; that the plaintiff was not guilty of contributory negligence; that the defendants were not engaged in a joint venture with Dale Hastay, and that neither the nonsuit nor the dismissal of the former action is a bar to this suit.

The court thereupon rendered judgment against the defendants, but limited the liability of William Young and of Elton Hastay and Lucille Hastay, his wife, pursuant to sections 352 and 402 of the Vehicle Code to the sum of $5,105. From that judgment the defendant William Young only has appealed. We are not concerned with the judgment against the other defendants.

The appellant contends that the granting of the nonsuit in his favor, and the voluntary dismissal of the former suit by the plaintiff are bars to this action; that William Young, a minor, and the owner of the automobile involved in the accident, was powerless under section 33 of the Civil Code, to authorize Dale Hastay to drive his machine so as to render him or any of the defendants liable for his negligence; that the court erred in refusing to admit in evidence the pleadings of the former case, and erred in denying defendant's motion for a continuance of the trial on the ground that he was engaged in the armed forces of the United States.

The findings are supported by the evidence.

Neither the order granting a nonsuit in the former action in favor of the appellant nor the plaintiff's voluntary dismissal of that suit is a bar to this action. The former suit was not tried or determined on its merits. ■ A nonsuit was granted in favor of William Young on the theory that he was powerless under section 33 of the Civil Code to delegate authority for Dale Hastay to drive his automobile. The subsequent dismissal of the suit by the plaintiff did not amount to a retraxit of his cause of action. (*McColgan* v. *Jones, Hubbard & Donnell, Inc.,* 11 Cal.2d 243 [78 P.2d 1010].) At the time of that dismissal in open court the plaintiff's attorney clearly indicated that he was not conceding he had no valid cause of action for' he then said, "I propose to file another action against Dale Hastay and William Young." There was no detriment to the appellant on account of that nonsuit in his favor.

■ The rule is well established that, in the absence of a retraxit or a trial on the merits, neither a dismissal of an action nor a nonsuit is a bar to a subsequent suit for the same cause. (*Mohn* v. *Tingley,* 191 Cal. 470, 478 [217 P. 733]; *Anglo-California Nat. Bank* v. *Superior Court,* 15 Cal.App.2d 676, 679 [59 P.2d 1053]; *Walton* v. *Southern Pacific Co.,* 8 Cal.App.2d 290 [48 P.2d 108]; 15 Cal.Jur. 131, § 185.)

In the present case it is immaterial, so far as this appellant is concerned, whether the present complaint states a cause of action different from that which was alleged in the original complaint. Both complaints were founded on the same automobile casualty. It is true that the amended complaint in the first action charged that Dale Hastay was driving the automobile at the time of the accident "as agent for each of said defendants and within the course and scope of said employment" and that he was then engaged in a joint enterprise in behalf of all of the defendants, while the present complaint alleges only that Dale Hastay was then negligently operating the machine "with the permission and consent of each of the defendants."

In the case of *McKnight* v. *Gilzean,* 29 Cal.App.2d 218 [84 P.2d 213], this court affirmed an order of the trial court sustaining a demurrer to an amended complaint in an automobile casualty case on the ground that it added two causes of action for imputed negligence under section 402 of the Vehicle Code to the original complaint which was based entirely on the doctrine of *respondeat superior.* In the McKnight case, however, the statute of limitations was specifically pleaded as a bar to the new causes alleged for the first time in the amended complaint. ▮ In the present case the appellant William Young failed to plead the bar of section 340, subdivision 3, of the Code of Civil Procedure by either his demurrer or answer. He therefore waived that defense.

▮ The statute of limitations as provided in the foregoing section, if properly pleaded, may bar the liability of the owner of an automobile for imputed negligence of the driver thereof who is operating the machine with the owner's consent, under section 402 of the Vehicle Code, or the liability of the parents of the driver who have signed and verified his application for an operator's license as required by section 352 of the Vehicle Code, unless the action is commenced within one year from the date of the injury complained of. (*Franceschi* v. *Scott,* 7 Cal.App.2d 494 [46 P.2d 764]; *McFarland* v. *Cordiero,* 99 Cal.App. 352 [278 P. 889].)

▮ The bar of the statute of limitations was, however, waived by the appellant in this case by failure to raise that issue by either demurrer or answer to the complaint. (*Laffoon* v. *Collins,* 212 Cal. 750, 758 [300 P. 808]; *Brownrigg*

v. *DeFrees,* 196 Cal. 534, 541 [238 P. 714]; *Pedro* v. *Soares,* 18 Cal.App.2d 600, 610 [64 P.2d 776]; 16 Cal.Jur. 603, § 199.)

The appellant asserts that the judgment against him is void for the reason that he was a minor of the age of eighteen years at the time of the accident and that the permissive use of his automobile by Dale Hastay may therefore not create a liability against him on account of imputed negligence of the driver of the machine because section 33 of the Civil Code prohibits a minor from "delegating power". William Young, the owner of the machine, was not present at the time of the accident. We are of the opinion there is no merit in this contention. The limited liability of the owner of an automobile for imputed negligence of a driver who is operating the machine by permission is specifically created by statute without distinction between adults and minors. (Veh. Code, § 402.) Subdivision (a) of that section provides:

"Every owner of a motor vehicle is liable and responsible for the death of or injury to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

Section 33 of the Civil Code, upon which the appellant relies, reads:

"A minor cannot give a delegation of power, nor, under the age of eighteen, make a contract relating to real property, or any interest therein, *or relating to any personal property not in his immediate possession or control.*" (Italics added.)

It will be observed the preceding statute infers that a minor, even under the age of eighteen years, may make a contract relating to personal property which is "in his immediate possession or control." The automobile in this case was in his possession. Section 41 of the Civil Code provides that a minor is civilly liable for a wrong done by him, although liability for exemplary damages depends upon his capability to understand that the act is wrong.

The general rule with respect to contracts made by a minor is that he may avoid liability thereon, with certain exceptions. But he is nevertheless liable for his own *torts*

provided he is capable of understanding that they are wrong. (*House* v. *Fry*, 30 Cal.App. 157 [157 P. 500]; *Hughes* v. *Quackenbush*, 1 Cal.App.2d 349, 357 [37 P.2d 99]; 14 Cal. Jur. 134, §§ 23 and 24; 27 Am.Jur. 812, § 90; 127 A.L.R. 1442, note.) A minor may make certain contracts not prohibited by law (Civ. Code, § 34), subject to disaffirmance as provided by section 35 of the Civil Code. Certain prohibited contracts of minors, including deeds executed by minors under eighteen years of age, are void. (*Hakes Inv. Co.* v. *Lyons*, 166 Cal. 557 [137 P. 911]; Civ. Code, § 33.) Since, on the policy of protecting infants, the contracts of a minor, with certain exceptions (Civ. Code, § 36), may be void or voidable by disaffirmance, as provided by section 33 of the Civil Code, it has been held he may not appoint agents, servants or employees thereby rendering him liable for their torts. (14 Cal.Jur. 121, §§ 10-12; 103 A.L.R. 487, note.)

▮ Assuming, without so deciding, that the owner of an automobile who is a minor may not be liable under section 402 of the Vehicle Code for the tort or negligence of an agent, servant or employee who is authorized by contract express or implied to use his machine in the performance of the business of the minor, or for a joint enterprise in which the owner and driver of the machine are interested, no such appointment, founded on contract, either express or implied, is involved in the present appeal. The foregoing principle announced in the authorities wherein it is held that minors are exempted from liability is based on the existence of the relationship of *respondeat superior* where an agency or employment is created. This case was not tried on that theory. William Young was not present at the time of the accident. He had no control over Dale Hastay's operation of the car. His answer specifically so states and the court so found. Nor was the machine then being used in any business in which the owner was interested. The original complaint did allege a relationship of agency or employment between the owner and the driver of the automobile, but that complaint was dismissed and the present complaint merely alleges that the car was being driven "with the permission and consent" of the defendant William Young. No contract or agreement was involved in this action. The transaction was a mere gratuitous loaning of the automobile. Regardless of the distinction in the authorities between the liability

of minors growing out of torts and contracts, we assume that section 402 of the Vehicle Code, which creates a new and different liability for imputed negligence, renders the appellant liable for the tort of the driver of his car under the circumstances of this case, in spite of the fact that he was only eighteen years of age. No question is raised regarding his ability to understand the dangers incident to the operation of his automobile. He could not escape his statutory liability for the tort of one who was driving his machine with his express consent by attempting to disaffirm his permission to drive the car after the accident had occurred.

In the case of *Krum* v. *Malloy*, 22 Cal.2d 132 [137 P.2d 18], a judgment in favor of a minor of the age of nineteen years, who was co-owner with his father of the automobile involved in the accident, but who was not present at that time, was reversed by the Supreme Court, on the ground that the court failed to find upon the issue as to whether the minor had consented to his father's driving of the machine. The Supreme Court said:

"The crux of the case as it stands before us is the question as to whether defendant Claire E. Malloy, the nineteen-year-old son of Paul, is liable by imputation, under section 402 of the Vehicle Code, for Paul's (his father's) negligence. . . .

"A co-owner, therefore, of an automobile, who desired its exclusive possession and usage for a time, would need the permission, express or implied, of his co-owners to that end. . . .

"It was error for the court to neglect to find directly on the essential issue of whether Paul Malloy's operation of the automobile at the time of the accident was with, or was without, Claire E. Malloy's permission."

If, as the appellant in the present case contends, a minor who owns an automobile, or a joint interest in one, may not bind himself to become liable under section 402 of the Vehicle Code, for imputed negligence of the driver of an automobile by consenting to the use of his car, it would have been immaterial that the trial court in the Krum case, *supra*, failed to determine whether or not the father, Paul Malloy, was driving the machine with or without permission of his minor son and co-owner. The reversal of the judgment in that case clearly infers that the Supreme Court assumed the absent minor who owned a joint interest in the automobile

would be liable for imputed negligence if his consent to drive the machine had been obtained.

In the case of *Silver Swan Liquor Corp.* v. *Adams,* 43 Cal. App.2d Supp. 851 [110 P.2d 1097), the Appellate Department of the Superior Court determined that a nonresident minor who was sued for damages for negligence in operating his automobile in California, is not exempt under section 33 of the Civil Code from the provisions of section 404 of the Vehicle Code on account of his infancy from substituted service of process in Canada. Section 404 provides that when any nonresident of California operates his automobile on the highways of this state he will be deemed to have authorized an appointment of the Director of Motor Vehicles in the event of a suit based on an automobile casualty in which he is involved as "his true and lawful attorney upon whom may be served all lawful processes" against him in that action. In the Adams case it was contended the substituted service of process was void under section 33 of the Civil Code, because the defendant was a minor without authority to "delegate power" to appoint an agent or attorney. A motion to quash the service of summons was granted by the trial court. The Appellate Department of the Superior Court reversed that order, holding that the minor was not exempt from the provisions of the Vehicle Code. In support of that decision the court quoted with approval the following language from *Gesell* v. *Wells,* 229 App.Div. 11 [240 N.Y.S. 628, 631], which was affirmed on appeal (254 N.Y. 604 [173 N.E. 885]) :

"Surely they [the automobiles] are not less dangerous in the hands of minors. It is inconceivable that there should have been any legislative intent to exclude minors. But it is urged that the statute in question is based upon an implied agreement which, in the case of an infant, may be repudiated at his election. It would be strange if a police regulation of the state could be thus evaded."

The preceding language is appropriate to the present case. Section 402 of the Vehicle Code is general in its application with respect to imputed liability. No distinction is made between adults and minors. If the Legislature had intended to exclude minors from its application it would have been easy to have so stated. It is a police regulation of highways for the safety of the public. In the absence of a statute

to the contrary, we must assume it was intended to apply to minors as well as adults. ▮ By inference, section 33 of the Civil Code authorizes minors, even under the age of eighteen years, to make contracts relating to personal property which is in their immediate possession or control.

▮ In the present case the appellant was over eighteen years of age, and he made no contract. He merely loaned his automobile for the benefit of his friend. He is therefore liable for imputed negligence of the driver of his car under the circumstances of this case.

▮ The court did not err in denying the application of William Young's attorney for a continuance of the trial under section 100 of the Soldiers' and Sailors' Civil Relief Act (54 Stat. 1179; 50 U.S.C.A. 1943 Cum. Pocket Part, § 510, p. 187), on the ground that the defendant was then engaged in the United States military service. The trial court has a sound discretion to determine from the showing made whether the defense would be "materially affected" by a denial of the continuance. (*Briner* v. *Briner,* 60 Cal.App.2d 473 [140 P.2d 995]; *Boone* v. *Lightner,* 319 U.S. 561 [63 S.Ct. 1223, 87 L.Ed. 1587]; *Pope* v. *U. S. Fidelity & Guaranty Co.,* 67 Ga.App. 415 [20 S.E.2d 618]; U.S.C.A., *supra,* p. 201, § 521.) The section last cited reads:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, . . . may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, *unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service.*" (Italics added.)

In the present case no affidavit for continuance was filed. No showing whatever was made to indicate that William Young could not obtain a leave of absence to attend the trial, or that his defense would be materially affected by his absence. Nothing but a certificate showing he was engaged in the military service was offered in evidence. His deposition was on file in this case. His answer alleged that he was not present at the time of the accident; that he had no control over Dale Hastay's operation of the machine and that he knew nothing of the circumstances incident to the automobile collision. His answer concedes that he was the owner of

the machine in question and that it was being driven by Dale Hastay "with the permission of this answering defendant." No agency or employment of the driver was alleged. His attorney had represented William Young throughout the entire litigation and was perfectly familiar with the facts. We are directed to no material facts favorable to the appellant to which he might have testified if he had been present at the trial. We are unable to perceive that his defense to the action was materially, or at all, affected by his absence from the trial. The court, therefore, did not abuse its discretion in refusing to continue the trial.

While it is true that the act in question should receive a liberal construction with the object to properly protect soldiers and sailors who are engaged in the military and naval services of the United States, it may not be invoked for the purpose of delaying or defeating an orderly and expeditious trial of valid suits.

The court did not err in sustaining plaintiff's objection to the introduction in evidence of the pleadings which were filed in the former action, for the reason that the transcript of proceedings and the minute order, which are incorporated in this record, clearly show the former case was not determined on its merits and that a nonsuit was granted in favor of William Young in the first cause before the plaintiff had rested his case. It was granted as the court said on the theory that William Young, a minor, could not create a relationship of "master and servant" or of "agency" between himself and Dale Hastay, the driver of his car, so as to render him liable for imputed negligence. Young's answer does not plead the judgment of dismissal of the first action as res judicata, nor does it plead estoppel by reason of the statute of limitations. Since the dismissal of the original action was not a determination of the merits of the cause, and that judgment did not constitute res judicata, the proffered pleadings in that case were not competent on the trial of this case and the objection thereto was properly sustained. (*Campanella* v. *Campanella*, 204 Cal. 515, 520 [269 P. 433].) Under similar circumstances the Supreme Court so held. It is said in the Campanella case:

"It is clear that the [former] judgment is not *res adjudicata* and therefore not a bar to the present action nor an estoppel upon any issue therein and that the ruling refusing

to admit the judgment-roll in evidence was proper. The judgment-roll not only fails to show a ruling upon the merits but discloses that no such ruling was made."

For the foregoing reasons the judgment is affirmed.

Adams, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 20, 1944. Edmonds, J., and Schauer, J., voted for a hearing.