### HICKMAN v. TULLOS et al. No. 648.

United States District Court
N. D. Alabama W. D.
May 5, 1954.

Joe G. Burns, Tuscaloosa, Ala., Wm. G. Burgin, Jr., Columbus, Miss., and Skidmore & Finnell, Tuscaloosa, Ala., for plaintiff.

LeMaistre, Clement & Gewin, Tuscaloosa, Ala., for defendants.

GROOMS, District Judge.

Defendants move for a summary judgment. A submission was had upon the pleadings and the oral testimony of defendant, K. N. Tullos.

On August 7, 1951, defendant, George Dale Tullos, age 15, made application at Columbus, Mississippi, for an automobile operator's license. Pursuant to Section 8096 of the Mississippi Code, 1942, defendants, Mr. and Mrs. K. N. Tullos, parents of George Dale, signed the application, agreeing thereby.

"to accept the responsibility for any negligence or wilful misconduct of the person named in this application while he is operating a motor vehicle and to be liable for damages resulting from such misconduct."

On January 21, 1952, while operating a motor vehicle on U. S. Highway 82, in the city of Columbus, Mississippi, defendant, George Dale Tullos, allegedly caused said vehicle to collide with a motor vehicle operated by plaintiff. Plaintiff avers that she was injured as a result of the willful or negligent conduct of said defendant in the operation of his said motor vehicle.

In March, 1952, the Tullos family moved to Tuscaloosa, Alabama. All of the defendants have resided in Tuscaloosa since that time. K. N. Tullos had obtained employment in that city and had purchased a home there before moving from Mississippi. This suit was instituted in the Western Division of this Court on June 18, 1953.

The chief point at issue is that of the bar of the statute of limitations of one year. The applicable statute is that of the forum. Title 7, Sec. 26, Code of Alabama 1940.

Section 8096 of the Mississippi Code, 1942, is as follows:

"§ 8096. Application of minors. (a) The applications of any person under the age of seventeen years for an instruction permit or operator's license shall be signed and verified before a person authorized to administer oaths by both the father and mother of the applicant, if both are living and have custody of him, or in the event neither parent is living then by the person or guardian having such custody or by an employer of such minor, or in the event there is no guardian or employer then by any other responsible person who is willing to assume the obligation imposed under the Act upon a person signing the application of a minor.

"(b) Any negligence or wilful misconduct of a minor under the age of seventeen years when driving a motor vehicle upon the highway shall be imputed to the person who has signed the application of such minor for a permit or license, which person shall be jointly or severally liable with such minor for any dam-

ages caused by such negligence or wilful misconduct".

■ A determination of the question at issue turns upon the intrinsic nature of this action. If it is *ex delicto*, the bar is effective. If *ex contractu*, it is not. Title 7, Sec. 21, Code of Alabama 1940.

In Houston v. Holmes, 202 Miss. 300, 32 So.2d 138, 139, the Mississippi Supreme Court had occasion to construe Section 8096, but the problem here involved was not before the court. It was held, however, that the statute was in derogation of the common law and should be strictly construed; that same should be construed most favorably to the person subjected to the liability, and that the liability should not be extended " 'beyond that which is clearly indicated by express terms or by necessary implication from the language used' ". Though not resting its decision thereon, the Court made the following pertinent observation as to the nature of the parents' obligation:

" * * * The statute places the father who signs an application such as this in a position *analogous to that of a guarantor*. Under analogous principles such a statute should be construed in favor of the guarantor as is done *when the guaranty arises under contract*". (Emphasis supplied.)

Though a writing is involved, the implication is that the guaranty does not arise *under contract*.

Statutes similar to Section 8096 have been enacted in a number of states. 26 A.L.R.2d 1320. The California statute is in material particulars identical with the Mississippi statute.[1] In McFarland v. Cordiero , 99 Cal.App. 352, 278 P. 889, 890, a mother who had signed her son's application was sued. Subdivision 3 of Section 340 of the California Code of

Civil Procedure prescribes a one-year limitation for actions for personal injury caused by the neglect of another. This section was interposed as a bar to the action. Plaintiff contended that subdivision 1 of Section 338, which prescribed a three-year limitation applicable to an action upon a liability created by statute, was the controlling limitation. The Court, ruling adversely to plaintiff, employed the following language:

" * * * by signing the application the person signing assumes the responsibility by his act of signing and not by reason of the imposition of the statute. The primary liability for acts of negligence rests on the operator of the automobile whether he is a minor or adult. The statute of limitations applicable to him is section 340 of the Code of Civil Procedure, subdivision 3. If the operator is a minor and his parent is willing that he should operate an automobile and desires that he should receive a license authorizing him to do so, then and in that event the parent may sign the application and in doing so he places himself in the same position and under the same statute of limitations as the operator. The parent's liability is not, in principle, different from that of a bondsman. In the case of County of Sonoma v. Hall, 132 Cal. 589, 62 P. 257, 312, 65 P. 12, 459, a question closely allied was under consideration. Hall was the recorder of Sonoma County. He collected, or should have collected, certain fees prescribed by the statute and should have turned those fees into the county treasury. He did not do so. The plaintiff sued him on his official bond. The defendants pleaded the statute of limitations. Code Civ. Proc. § 338, subd. 1. The court held

---

1. That part of the California statute similar to Section 8096(b) reads as follows: "Any negligence of a minor so licensed in driving a motor vehicle upon a public highway shall be imputed to the person or persons who shall have signed the ap- plication of such minor for said license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence. 1 Deering's Gen.Laws 1923, p. 1867, now Vehicle Code, § 352(a).

the defendants pleaded the proper statute; that the liability of Hall, the principal, was created by statute; and that the liability of the other defendants was the liability of the principal."

The McFarland case was cited with approval in Ridley v. Young, 64 Cal.App. 2d 503, 149 P.2d 76, 79, where it was stated:

"The statute of limitations * * if properly pleaded, may bar the liability of the owner of an automobile for imputed negligence of the driver thereof who is operating the machine with the owner's consent, under Section 402 of the Vehicle Code, or the liability of the parents of the driver who have signed and verified his application for an operator's license as required by Section 352 of the Vehicle Code, unless the action is commenced within one year from the date of the injury complained of. Franceschi v. Scott, 7 Cal.App.2d 494, 46 P.2d 764; McFarland v. Cordiero, 99 Cal.App. 352, 278 P. 889."

It will be observed that in the McFarland case the Court relied on the authority of County of Sonoma v. Hall. An analogous situation was presented under the Louisiana direct action statute. The Courts of that state held that though the policy contained a two-year prescription, the action was *ex delicto* and was barred by the one-year prescription applicable to tort actions. Reeves v. Globe Indemnity Co., 182 La. 905, 162 So. 724, 725; Id., La.App., 164 So. 642. The Supreme Court of Louisiana aptly observed that:

"The cause that gave rise to the right of action has not been changed, nor does the statutory right of action against the defendant change the nature of the demand."

In the course of the hearing of the motion here under consideration, it was conceded by plaintiff's counsel that the action is barred as to the minor. After a careful review of the authorities, the court is of the opinion that the action is one *ex delicto* and is also barred as to the parents. The motion for summary judgment is due to be granted.

It is, therefore, ordered, adjudged and decreed that defendants' motion for a summary judgment be and same hereby is granted, and judgment be and same hereby is entered in favor of the defendants. Costs are taxed against the plaintiff.